UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSEPH STRYCHASZ, SANDRA :    CIVIL ACTION
STRYCHASZ and MIDLAND FIRE    :    NO.: 3:01CV2063 (PCD)
PROTECTION COMPANY           :
                                     :
           Plaintiffs        :
                                     :
VS.                                :
                                     :
MARON CONSTRUCTION, CO., INC.:
and RONALD DEFRANCESCO       :
                                     :
           Defendants        :     DECEMBER 15, 2003

## **DEFENDANTS' SECTION C TRIAL PREPARATION ORDER COMPLIANCE**

        Pursuant to the Court's Trial Preparation Order dated
October 27, 2003, the defendants in the above-noted case hereby
serve and file their response to Section C of the Trial
Preparation Order as follows below.[1]

---

     1

   The defendants file a singular Section C compliance as it
relates to boht the Complaint filed by the individual plaintiffs
and the Intervening Complaint filed by Midland Fire.  Midland
Fire's Section A compliance adopted <u>in toto</u> that which was filed
by Joseph and Sandra Strychasz.

## <u>FACE SHEET TO DEFENDANTS' SECTION C COMPLIANCE</u>

1. **<u>NAMES, ADDRESSES AND TELEPHONE NUMBERS OF THE ATTORNEYS WHO WILL TRY THE CASE</u>**

    Mark A. Milano, Esquire
    Gary C. Kaisen, Esquire
    Milano & Wanat LLC
    471 East Main Street
    Branford, Connecticut 06405
    (203) 315-7000

2. **<u>IS THE CASE A JURY OR COURT CASE?</u>**

    This is a jury case.

3. **<u>ESTIMATE OF TRIAL TIME REQUIRED FOR THE PRESENTATION OF DEFENDANTS' CASE</u>**

The defendants estimate that the defendants' case shall require 3-5 days of trial time, dependent on the extent to which evidence and testimony relied upon in the defense comes in during the plaintiff's case-in-chief or during cross-examination.

4. **<u>DO THE PARTIES AGREE TO HAVE THE CASE TRIED BY UNITED STATES MAGISTRATE JUDGE JOAN G. MARGOLIS, AND, THEREUPON ENTER FINAL JUDGMENT?</u>**

The defendants consent to have this case tried by United States Magistrate Judge Joan G. Margolis, and, thereupon enter final judgment.

2

**5.  LIST OF FURTHER PROCEEDINGS PRIOR TO TRIAL, SETTING FORTH THE REASONS AND NECESSITY THEREOF**

a.   Completion of settlement conference/mediation presently scheduled for January 8, 2004 with the Honorable Magistrate William I. Garfinkel.

b.   Adjudication of defendants' Motion in Limine to Preclude evidence, testimony and argument regarding plaintiff's claims of defendants' contractual obligations, including those relating to contractor "safety meetings."  Such testimony, evidence and argument should be precluded inasmuch as Joseph Strychasz was not a contracting party or third-party beneficiary to Maron Construction Company's contract with the United States Coast Guard.  (For further explanation, see Claim of Law set forth in Defendants' §B3-1 response to Trial Preparation Order.) Determination of this Motion in Limine to Preclude prior to commencing trial is necessary because it will affect how defendants argue, examine and cross-examine witnesses and present evidence and testimony.

c.   Adjudication of Motion in Limine for a judicial
determination of what, if any, duties were owed to the plaintiff
by the defendants in this construction setting.  Determination
of what duties exist is a question of law for the Court.  (For
further explanation, see Claim of Law set forth in Defendants'
§B3-2 response to Trial Preparation Order.)  Determination of
this Motion to Preclude prior to commencing trial is necessary
because it will affect how defendants argue, examine and cross-
examine witnesses and present evidence and testimony.

d.   Adjudication of Motion in Limine relating to the
admissibility of subsequent remedial measures.


**6.   WHETHER SETTLEMENT, ASSISTED BY A SETTLEMENT CONFERENCE, IS
REASONABLY LIKELY**


The parties agree that settlement is sufficiently
reasonably likely such that they have already scheduled a
settlement conference with Magistrate William I. Garfinkel.  The
settlement conference is presently scheduled for January 8,
2004.  Magistrate Garfinkel has met with the parties previously

4

and is familiar with the facts and issues pertinent to settlement.

**_SECTION A1 - CLAIMS OF FACT PROPOSED FOR STIPULATION_**:

**_COUNT ONE - JOSEPH STRYCHASZ_**:

1.    On or about November 6, 1996, Maron Construction Company was a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 180 Mancini Drive, Providence, Rhode Island.

**DEFENDANT'S §C1 RESPONSE**: Admitted.  May be stipulated.


2.    At that time, Maron entered into a major renovation construction project at the United States Coast Guard Academy, Roland Hall gymnasium building, at New London, Connecticut, under a contract with the United States Department of Transportation.

**DEFENDANT'S §C1 RESPONSE**: Admitted.  May be stipulated.


3.    Under the terms of said construction contract between Maron and the U.S. Department of Transportation and the U.S.C.G.A., Mr. Ronald DeFrancesco was designated Maron's Superintendent and Safety Officer for the project.  As such, Mr. DeFrancesco was required to prepare a Safety Plan for all employees working on the project.

**DEFENDANTS' §C1 RESPONSE:**

Denied.  May <u>NOT</u> be stipulated.  These proposed facts are
irrelevant and these defendants seek, in limine, preclusion
of argument, testimony and evidence as to these facts.
(See response to further proceedings above).

Should the Court not preclude argument, testimony and
evidence as to these facts, then the following countering
evidence will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination:

DEFENDANTS' PROPOSED EXHIBITS

  A.   Pieces of transite.

  2. Maron Construction's subcontract agreement with Midland Fire Protection,
  Inc. and Midland Fire Protection, Inc.'s Daily Construction Logs, including all
  exhibits marked as letters A through NN to David Munroe's November 6, 2002
  deposition.

  3. Maintenance Records, Work Orders and Other Documents Regarding United
  States Coast Guard Personnel Working Within the Cell Structure where plaintiff
  Fell during the approximate 15 years that the transite covered openings.

  4. Plaintiffs' Complaint.

  5. Walter Stamphl's notes identifying asbestos containing materials to abate  in
  cell structure as change order and additional
  expenditure for April 14, 1997 Contract Amendment and
  all materials marked as Exhibits 1-18 at the November
  13, 2002 deposition of Walter Stamphl and as Exhibits
  to the November 13, 2002 deposition of Wanda Coresini.

  6. Curriculum vitae of Dean Koutsoubis, P.E.

  7. Expert Report by Dean Koutsoubis, P.E. and all materials relied upon or
  referred to in generating said report, including those materials marked in his July
  17, 2003 deposition as Exhibits 2, 3, 4, 5, 6, 6A, 6B, 6C, 7, 8, 9 and 10.

8. Daily and Weekly Construction Logs, Weekly Safety Meeting Logs and Weekly Time Sheets by Maron Construction and all subcontractors for Roland Hall gymnasium renovation project from December, 1996 through June, 1997.

PLAINTIFFS' PROPOSED EXHIBITS (INCORPORATED BY DEFENDANTS)

In addition to the above defendants' proposed exhibits, the defendants incorporate the proposed exhibits identified in plaintiffs' present and any future amended Response to §A-4 of the October 27, 2003 Trial Preparation Order and reserve the right to utilize same as defendants exhibits.  The presently identified proposed plaintiffs' exhibits that defendants hereby incorporate are as follows:

Depositions:

1.    09/20/02 - Ronald DeFrancesco - Boyce's office

2.    09/20/02 - Thomas Maron - Boyce's office

3.    10/07/02 - Gary Crakes, Ph.D. - Here

4.    10/22/02 - Peter Gravel - Kaisen's office

5.    10/23/02 - James Gerou - Kaisen's office

6.    10/29/02 - Dr. Trafton - Rhode Island

7.    10/30/02 - Dr. DiGiovanni - Rhode Island

8.    11/06/02 - David Munroe - Atty. Somers' office

9.    11/07/02 - Sandra Strychasz - Rhode Island

10.   11/07/02 - Joseph Strychasz - Rhode Island

11.   11/08/02 - Lee Archibald - USCG, New London

```
    12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

    13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

    14.  11/20/02 - Dr. Jonathan Bolton - His office, RI

    15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

    16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

    17.  07/17/03 - Dean Koutsoubis - Milano's office
```

18. 08/13/03 – Ronald DeFrancesco Continued Depo – Kaisen's office.

    19.    08/13/03 – Thomas Maron Continued Depo – Kaisen's office

    Architectural and Engineering Diagrams:

    28. Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

    21.    Midland Fire Protection as built drawings, 8 sheets.

22. Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (Volume 1 of 2).

23. Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (Volume 2 of 2).

    Contracts:

24. Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.

25. Solicitation Offer and Award to Maron Construction Company August 7, 1996.
26. Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

27. Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

28. Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

Roland Hall Renovation Contracts:

29. Contract Amendment/Modification dated August 7, 1996.

30. Three large blueprints of Roland Hall Renovations.

31. List of Subcontractors for Roland Hall renovation project.

32. Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

Photographs/Video:

33. 90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 – currently in possession of the defendants.

34. 20 pages of Roland Hall accident site photographs.

Investigatory Reports:

101. October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102. May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103. May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104. Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105. Job Site Weekly Safety Meetings reports.

State Court Depositions:

108. Deposition of Steven Shotteck - October 22, 1999

109. Deposition of Eric Stemmler - December 13, 1999

110. Deposition of Ronald Foster - April 4, 2000

<u>Request for Admissions</u>:

111. Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003.

<u>DEFENDANTS' §A5 PROPOSED WITNESSES</u>

1.    Gregory J. Carabine
      Chief, Construction and Engineering
      United States Coast Guard Academy

(See defendants' §A5 compliance for brief description of testimony of this witness.)

2.    Commander Matthew Ruckert
      Public Works Officer
      United States Coast Guard Academy Public Works
      Department

(See defendants' §A5 compliance for brief description of testimony of this witness.)

3. Personnel and representatives of the
             United States Coast Guard Academy Public Works Department

(See defendants' §A5 compliance for brief description of testimony of this witness.)

1. Personnel and representatives of the
             United States Coast Guard Academy Athletic Department
             And other United States Coast Guard Academy Personnel
             and Cadets.

(See defendants' §A5 compliance for brief description of testimony of this witness.)

2. Dean Koutsoubis, P.E.
      Koutsoubis, Alonso Associates, P.E., P.C.
      70 East Old Country Road
      Hicksville, New York  11801

(See defendants' §A5 compliance for brief description of

testimony of this witness.)

PLAINTIFFS' PROPOSED WITNESSES (INCORPORATED BY DEFENDANTS)

In addition to the above defendants' proposed witnesses, the defendants incorporate the proposed witnesses in plaintiffs' present and any future amended Response to §A-5 of the October 27, 2003 Trial Preparation Order and reserve the right to call on same as defendants witnesses.  The presently identified proposed plaintiffs' witnesses whom defendants hereby incorporate are as follows:

1. Thomas J. Maron, President
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron
Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

2. David Maron
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron
Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

3. Jane M. Mardo, Vice President
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron
Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

4. David B. Munroe, Midland Fire Protection Company
   6 Grandview Street, Coventry, RI  02810

   Brief Description of Testimony – Employee of Midland Fire

Protection, subcontractor for the renovation project at Roland Hall – fact witness.

5.     Donna Munroe
       6 Grandview Street, Coventry, RI  02810

       Brief Description of Testimony – Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland Hall – fact witness.

6.     Jack DeMers, Midland Fire Protection
       6 Grandview Street, Coventry, RI  02810

       Brief Description of Testimony – Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland Hall – fact witness.

7.     Robert Fontaine, Midland Fire Protection
       6 Grandview Street, Coventry, RI  02810

       Brief Description of Testimony – Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland Hall – fact witness.

8.     Ronald DeFrancesco, Superintendent
       Maron Construction Company
       180 Mancini Drive, Providence, RI  02909

       Brief Description of Testimony – Employee of Maron
Construction Company, general contractor for the renovation project at Roland Hall – fact
witness.

9.     C.W.O. Eric Stemmler, U.S. Coast Guard Academy
       New London, Connecticut

       Brief Description of Testimony – U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

10.    Walter Stampfl, U.S. Coast Guard Academy
       New London, Connecticut

       Brief Description of Testimony – U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

11.    Lee Archibald, U.S. Coast Guard Academy
       New London, Connecticut

Brief Description of Testimony – U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

12.    Greg Carabine, Assistant Facilities Engineer,
       Coast Guard Academy, New London, Connecticut
       Brief Description of Testimony – U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

13.    Ronald Foster
       52 Maple Street, Attleboro Falls, MA

       Brief Description of Testimony – Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland Hall – fact witness.

14.    Steven Shotteck
       61 Pine Street, Seekonk, MA  02771

       Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

15.    Randall Draughn
       He has been assigned to work for Midland on a project in
       North Carolina.  He lives at 5A Severna Court, Durham, NC
       27704

       Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

16.    Joseph Strychasz
       165 Memorial Drive, Pawtucket, RI  02861
       Plaintiff.

17.    Sandra Colicci

        2218 Putnam Pike, Chepachet, RI
        Plaintiff.

18.  Joshua Strychasz
     2218 Putnam Pike, Chepachet, RI
     Son of plaintiffs.

19.  Alison L. Wood, Investigator
     Williams Investigative Services
     Conducted initial investigation of fall at Roland Hall.

20.  Ms. Victoria Worrell, Contract Specialist
     Facilities Design & Construction Center Atlantic
     5505 Robin Hood Road, Norfolk, VA  23513-2431

     Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

21.  Mr. Wayne C. Webster, Project Manager for Roland Hall
     renovation
     Facilities Design & Construction Center Atlantic
     Norfolk, Virginia

     Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.
22.  Wanda Coresini, U.S. Coast Guard Academy
     Norfolk, Virginia

     Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

23.  James Gerou
     Einhorn, Yaffee, Prescott Architecture & Engineering
     P.O. Box 617, Albany, NY  12201

     Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the

Roland Hall renovation project.

24.  Peter Gravel
     45 Hyvue Drive, Newburgh, NY  12550

     Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the
Roland Hall renovation project.


     *4.  At all times mentioned herein, the defendant, Ronald
DeFrancesco, was the agent, servant or employee of the
defendant, Maron, acting within the scope of his employment and
general grant of his authority.*

     **DEFENDANT'S §C1 RESPONSE**: Admitted.  May be stipulated.


     *5.  The contract included the installation of a fire
suppression system in the ventilation cell area of Roland Hall,
which was located below the athletic track on the fifth floor.*

     **DEFENDANT'S §C1 RESPONSE**: Admitted.  May be stipulated.

     *6.  Midland Fire Protection Company, a corporation
organized and existing under the laws of the State of Rhode
Island, with its principal place of business located at 6
Grandview Street, Coventry, Rhode Island, hereinafter known as
Midland, was hired by Maron, as a subcontractor, to install the
fire sprinkler system in the ventilation cell area directly*

*below the fifth floor.*

**DEFENDANT'S §C1 RESPONSE:** Admitted.  May be stipulated.


*7.  The ventilation cell area circled the fourth floor of the outer perimeter of the building, with 2' x 4' ventilation openings in the athletic track floor, under which, directly below were 2' x 4' ventilation openings leading to the outside. There were over 25 such ventilation openings circling the entire building in the ventilation cell area.*

**DEFENDANT'S §C1 RESPONSE:**

Denied in part.  Admitted in part.  It is admitted that there were cell areas under the floor of the athletic track.  It is also admitted that there were 2' x 4' ventilation openings in certain areas of the cells.  The balance is denied, as stated.


Countering evidence, as described defendants' §C1 response to plaintiff's Claim of Fact Number 3 above (see pages 6-15 to this filing), will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.


*8.  The outside ventilation openings had originally been covered with metal grates to keep out birds, bats and other small animals, without obstructing the air flow.  Over the*

*years, these grates had been replaced in the cell area floor*

*with transite roofing panels, about one-quarter inch in width.*

**DEFENDANT'S §C1 RESPONSE:**

Denied in part and defendants lack sufficient knowledge in part. Admitted in part.

It may be stipulated that the U.S. Coast Guard replaced grates or louvers of many ventilation openings, including the one through which plaintiff fell, approximately 15 years before plaintiff fell, with pieces of transite that were a nominal 1/4" thick.

Countering evidence, as described defendants' §C1 response to plaintiff's Claim of Fact Number 3 above (see pages 6-15 to this filing), will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

*9. In February of 1997, Midland's employees started work*

*in the cell area installing piping for sprinkler mains and core*

*drilling.*

**DEFENDANT'S §C1 RESPONSE:**

Defendants lack sufficient knowledge.  May <u>NOT</u> be stipulated.

Countering evidence, as described defendants' §C1 response

to plaintiff's Claim of Fact Number 3 above (see pages 6-15
to this filing), will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.


   *10.  On May 12, 1997, the plaintiff, Joseph Strychasz, an
employee of Midland, was working in the cell area drilling holes
in the concrete floor for sprinkler heads.*

   **DEFENDANT'S §C1 RESPONSE**:    Admitted.  May be stipulated.


   *11.  In the process of exiting the cell area through an
opening in the gymnasium floor, the plaintiff was forced to
stand on a piece of transite covering the hole to the outside
area.*

   **DEFENDANT'S §C1 RESPONSE**:

   Denied.  May <u>NOT</u> be stipulated.



   Countering evidence, as described defendants' §C1 response
to plaintiff's Claim of Fact Number 3 above (see pages 6-15
to this filing), will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.


   *12.  At that time, said transite covering gave the*

*appearance of being part of the concrete floor.*

**DEFENDANT'S §C1 RESPONSE**: Admitted.  May be stipulated.

*13.  At that time, said transite roofing panel collapsed causing the plaintiff to fall approximately 27' to a concrete sidewalk below, causing the personal injuries and damages to the plaintiff, as hereinafter enumerated.*

**DEFENDANT'S §C1 RESPONSE**:

Defendants lack sufficient knowledge in part.  Admitted in part.  It may be stipulated that the concentrated point load of plaintiff upon a folding chair with legs near the center of the panel caused the transite to break and the plaintiff to fall to a concrete sidewalk below.

Countering evidence, as described defendants' §C1 response to plaintiff's Claim of Fact Number 3 above (see pages 6-15 to this filing), will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

*14.  The plaintiff, Joseph Strychasz, has suffered the following injuries:*

*a.  36% impairment of the lower left extremity;*

*b.  41% impairment of the lower right extremity;*

*c.  18% permanent partial disability of left upper*

extremity;

    d.  disfigurement and scarring of lower extremities;

    e.  fracture of both calcanei requiring open reduction and fixation and repair of right peroneal tendon retinaculum;

    f.  gait disturbance;

    g.  right knee meniscal tear requiring arthroscopic findings;

    h.  left wrist complete scapolunate ligament tear, partial triangular fibrocartilage complex tear, and partial lunar triquetral ligament tear requiring left wrist arthroscopy;

    I.  adjustment disorder with depressed mood;

    j.  plantar neuropathy;

    k.  sural neuropathy;

    l.  subtalar arthritis.

    m.  adjustment disorder with depressed mood;

    n.  pain and suffering;

    o.  mental anguish and shock to his entire nervous system.

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

Inasmuch as the medical reports will speak for themselves, the defendants do not dispute that the plaintiff received certain injuries in the accident.  With regard to the percentage of permanent partial disability or impairment,

or the degree to which these injuries have caused
continuing problems, the defendants possess insufficient
knowledge upon which to form a belief as to the truth of
those claims and leave the plaintiff to his proof.  It is
further denied that these injuries were caused by the
carelessness or negligence of the defendants.

Countervailing evidence, as described below, will be
offered to the extent that such evidence is not brought
forth by plaintiff's counsel in his case-in-chief or by
cross-examination:

DEFENDANTS' PROPOSED EXHIBITS:

I.    Report of Paul F. Murgo, M.Ed., C.R.C., C.D.M.S.

J.    Resource materials from the state and federal
      governments regarding job placement, labor markets,
      etc. relied upon and used by Mr. Murgo in formulating
      his opinions.

K.    Other data and primary resource materials used by Mr.
      Murgo in formulating his opinions.

L.    Employment file from Midland Fire for the plaintiff,
      Joseph Strychasz.

M.    Workers' Compensation file materials and internal
      nursing notes from Concentra Managed Care relating to
      the Workers' Compensation claim filed by the plaintiff
      for this loss.

N.    Social Security Administration file documents,
      including application from plaintiff regarding Social
      Security Disability payments following the plaintiff's
      injury that is the subject of this case.

O.    Curriculum vitae of Paul F. Murgo, M.Ed., C.R.C.,
      C.D.M.S.

P.    Any additional income tax returns filed by the
      plaintiff.

Q.   Career Assessment Inventory, Dr. Charles B. Johansson, dated February 4, 1999, 18 pages.

R.   Plaintiff, Joseph Strychasz', responses to Interrogatories and Requests for Production dated April 23, 1999 and supplemental compliance tendered thereafter.

S.   Deposition of Joseph Strychasz, first session, dated July 28, 1999.

T.   Defendants' Exhibit A of deposition of Dr. Christopher DiGiovanni taken on October 30, 2002.

U.   Exhibits C, D and E of deposition of Dr. Peter Trafton taken on October 29, 2002.

V.   Exhibit B of deposition of Dr. Jonathan Bolton taken on November 20, 2002.

W.   Exhibits C, F, G, H, I, J-N, AA, BB and CC of deposition of Gary M. Crakes, Ph.D. taken on October 7, 2002.

PLAINTIFF'S EXHIBITS:

The defendants hereby incorporate all of the plaintiff's proposed exhibits which were identified in plaintiff's §A exhibits relating to damages: 3, 6, 7, 9-10, 14-16, 37, 38-83, 84-100 and 106.


DEFENDANTS' WITNESSES:

1.   Paul F. Murgo, M.Ed., C.R.C., C.D.M.S., Vocational Rehabilitation Counselor.

PLAINTIFF'S WITNESSES:

The defendants hereby incorporate all of the plaintiffs' proposed witnesses which were identified in plaintiffs' §A5 proposed witnesses on the questions of damages.  Those witnesses are as follows:

1    Joseph Strychasz,
     165 Memorial Drive, Pawtucket, RI  02861
     Plaintiff.

2.   Sandra Colicci
     2218 Putnam Pike, Chepachet, RI
     Plaintiff.

3.   Dr. Peter Trafton, University Orthopedics
     P.O. Box 1119, Providence, RI  02901

Brief Description of Testimony - Physician associated with
University Orthopedics who provided post injury treatment to
Joseph Strychasz in Providence Rhode Island.

4.   Dr. Christopher DiGiovanni
     P.O. Box 1119, Providence, RI  02901

Brief Description of Testimony - Physician associated with
University Orthopedics who provided post injury treatment to
Joseph Strychasz in Providence Rhode Island.

5.   Dr. Michael Hulstyn
     P.O. Box 1119, Providence, RI  02901

Brief Description of Testimony - Physician associated with
University Orthopedics who provided post injury treatment to
Joseph Strychasz in Providence Rhode Island.

6.   Dr. Arnold-Peter C. Weiss
     P.O. Box 1119, Providence, RI  02901

Brief Description of Testimony - Physician associated with
University Orthopedics who provided post injury treatment to
Joseph Strychasz in Providence Rhode Island.

7.   Dr. Louis Sorrentino
     64 Pitman 119, Providence, RI  02901

Brief Description of Testimony - Psychiatrist treating
Joseph Strychasz post accident.

    8.   Record keeper, Lawrence & Memorial Hospital
       P.O. Box 1471, New London, CT  06320

Brief Description of Testimony - Will establish the
treatment and billing in the care of Joseph Strychasz after his
fall of May 12, 1997.

9. Representative of Anesthesia Associates of New London
       P.O Box 390, New London, CT  06320

Brief Description of Testimony – Will establish the treatment and billing in the care of
Joseph Strychasz after his fall of May 12, 1997.

    10.    Representative of Rhode Island Hospital
        2 Dudley Street, Providence, RI

Brief Description of Testimony – Will establish the treatment and billing in the care of
Joseph Strychasz after his fall of May 12, 1997.

    11.    Representative of New England Sports Therapy & Fitness
        Oak Hill Place, 407 East Ave., Pawtucket, RI  02860

Brief Description of Testimony – Will establish the treatment and billing in the care of
Joseph Strychasz after his fall of May 12, 1997.

    12.    Dr. Andrew J. Nelson
        University Orthopedics, Medical Office Center
        2 Dudley Street, Providence, RI  02905

Brief Description of Testimony – Will establish the treatment and billing in the care of
Joseph Strychasz after his fall of May 12, 1997.

    13.    Representative of Therapists Feinberg & Snelgrove
        Occupational Therapy
        University Orthopedics, Providence, RI  02905

Brief Description of Testimony – Will establish the treatment and billing in the care of Joseph Strychasz after his fall of May 12, 1997.

    14.    Dr. Michael T. LeGeyt
           University Orthopedics, Medical Office Center
           2 Dudley Street, Providence, RI  02905

Brief Description of Testimony – Will establish the treatment and billing in the care of Joseph Strychasz after his fall of May 12, 1997.

    15.    Therapists Maher and Gannon
           University Orthopedics, Providence, RI  02905

Brief Description of Testimony – Will establish the treatment and billing in the care of Joseph Strychasz after his fall of May 12, 1997.

    16.    Dr. Jonathan Bolton
           469 Angel Street, Providence, RI  02906

Brief Description of Testimony – Psychiatrist treating Joseph Strychasz post accident.

    17.    Therapist Cooper, OT and PT
           University Orthopedics, Providence, RI  02905

Brief Description of Testimony – Will establish the treatment and billing in the care of Joseph Strychasz after his fall of May 12, 1997.

    18.    Representative of the Dr. John E. Donley Rehabilitation Center
           249 Blackstone Boulevard, Providence, RI  02906-5899

Brief Description of Testimony – Will establish the treatment and billing in the care of

Joseph Strychasz after his fall of May 12, 1997.

    *15.  The plaintiff was hospitalized at Lawrence Memorial Hospital in New London, Connecticut, and again at the Rhode Island Hospital in Rhode Island.*

**DEFENDANT'S §C1 RESPONSE**:  Admitted.  May be stipulated.

16.  *The plaintiff has been unable to walk; has been forced to use a wheelchair, crutches and other orthopedic devices; and he has had to endure, and will continue to endure, months of physical therapy.*

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

Inasmuch as the medical reports will speak for themselves, the defendants do not dispute that the plaintiff received certain injuries in the accident.  With regard to the percentage of permanent partial disability or impairment, or the degree to which these injuries have caused continuing problems, the defendants possess insufficient knowledge upon which to form a belief as to the truth of those claims and leave the plaintiff to his proof.  It is further denied that these injuries were caused by the carelessness or negligence of the defendants. Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

17.  *The plaintiff has suffered, and will continue to suffer, disfigurement and permanent disability of his left wrist and both lower extremities.*

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

Inasmuch as the medical reports will speak for themselves, the defendants do not dispute that the plaintiff received certain injuries in the accident.  With regard to the percentage of permanent partial disability or impairment, or the degree to which these injuries have caused continuing problems, the defendants possess insufficient knowledge upon which to form a belief as to the truth of those claims and therefore leave the plaintiff to his proof.  It is further denied that these injuries were caused by the carelessness or negligence of the defendants.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

18.  *The plaintiff, who was 32 years of age at the time of his injuries, has been unable to pursue his normal leisure activities.*

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

The age of the plaintiff is admitted.  With regard to the remaining allegations in Paragraph 18, although it is admitted that the plaintiff received certain injuries in the accident, the defendants possess insufficient knowledge upon which to form a belief as to the truth of the balance

of the claims and therefore leave the plaintiff to his proof.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

19.  The plaintiff has been unable to pursue his trade; he has suffered, and will continue to suffer great losses of earnings.

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

Although the defendants admit that the plaintiff, for a certain period of time, was unable to work as a result of the injuries he sustained in the accident, the balance of the allegations contained in Paragraph 19 are denied.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

20.  The plaintiff has suffered, and continues to suffer, bouts of deep depression, requiring psychiatric treatment.

**DEFENDANT'S §C1 RESPONSE**:

Admitted in part, denied in part.

Inasmuch as the medical reports will speak for themselves, the defendants do not dispute that the plaintiff received certain injuries in the accident.  With regard to the percentage of permanent partial disability or impairment, or the degree to which these injuries have caused

continuing problems, the defendants possess insufficient
knowledge upon which to form a belief as to the truth of
those claims and leave the plaintiff to his proof.  It is
further denied that these injuries were caused by the
carelessness or negligence of the defendants.

Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.


21.  *The plaintiff, who was very active in sports, is no*
*longer able to participate in his hobbies such as salt water*
*fishing, quahogging, ice skating, ice hockey, roller blade*
*skating, dancing and scuba diving.*

**DEFENDANT'S §C1 RESPONSE**:

The defendants possess insufficient knowledge upon which to
form a belief as to the truth of the allegations contained
herein and leave the plaintiff to his proof.



Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.


22.  *The plaintiff has been forced to expend large sums of*
*money for hospital treatment, physical therapy, orthopedic*
*devices, surgeries and will be forced to undergo additional*

*surgeries in the future, all at a financial loss to the*

*plaintiff.*

### DEFENDANT'S §C1 RESPONSE:

Admitted in part, denied in part.

So much of Paragraph 22 as alleges that the plaintiff
incurred medical expenses from injuries sustained in the
accident is admitted.  With regard to the dollar amounts or
the specific form of medical services provided, the
defendants possess insufficient knowledge upon which to
form a belief as to the truth of those matters asserted and
leave the plaintiff to his proof.

Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.

*23.   The plaintiff has had to have constructed a special*

*handicap ramp for entrance and exit to and from his home.*

### DEFENDANT'S §C1 RESPONSE:

The defendants possess insufficient knowledge upon which to
form a belief as to the truth of the matters asserted
therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such

information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.

*24.   The plaintiff suffered anxiety or fear of future harm
in consequence of his injury.*

**DEFENDANT'S §C1 RESPONSE:**

The defendants possess insufficient knowledge upon which to
form a belief as to the truth of the matters asserted
therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.

*25.   The plaintiff suffers an increased risk of future harm.*

**DEFENDANT'S §C1 RESPONSE:**

The defendants possess insufficient knowledge upon which to
form a belief as to the truth of the matters asserted
therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to
Paragraph 14 above, will be offered to the extent that such
information is not brought forth by the plaintiff's counsel
in his case-in-chief or by cross-examination.

*COUNT TWO - SANDRA STRYCHASZ:*

*1-25.   Paragraphs 1 through 25 of Count One are*

*incorporated herein and made paragraphs 1 through 25 of Count Two.*

**DEFENDANTS' §C1 RESPONSE**:

The defendants possess insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

*26.   The plaintiff, Sandra Strychasz, was married to the plaintiff, Joseph Strychasz, from May 12, 1997 (the date of the accident) through December of 2000.*

**DEFENDANT'S §C1 RESPONSE**:

The defendants possess insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

*27.   The plaintiff, Sandra Strychasz, individually, suffered a loss of the affection, society, companionship, sexual relations, financial contribution and consortium of her husband, Joseph Strychasz.*

**DEFENDANT'S §C1 RESPONSE**:

The defendants possess insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leave the plaintiff to his proof.

Countervailing evidence, as described in response to Paragraph 14 above, will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

**<u>SECTION A2 – PROPOSED FINDING OF FACT</u>**:

Said personal injuries and damages to the plaintiff were the proximate result of the negligence and carelessness of the defendants, in that:

1. Ronald DeFrancesco, as Superintendent and Safety Officer of the defendant, Maron, was required to prepare a written plan for the safety of all employees working at the project.

Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:

**<u>Depositions</u>**:

1.  09/20/02 - Ronald DeFrancesco - Boyce's office.

2.  09/20/02 - Thomas Maron - Boyce's office

3.  10/07/02 - Gary Crakes, Ph.D. - Here

4.  10/22/02 - Peter Gravel - Kaisen's office

5.  10/23/02 - James Gerou - Kaisen's office

6.  10/29/02 - Dr. Trafton - Rhode Island

7.  10/30/02 - Dr. DiGiovanni - Rhode Island

8.  11/06/02 - David Munroe - Atty. Somers' office

9.  11/07/02 - Sandra Strychasz - Rhode Island

10.  *11/07/02 - Joseph Strychasz - Rhode Island*
11.  *11/08/02 - Lee Archibald - USCG, New London*

12.  *11/13/02 - Wanda Coresini - Norfolk, Virginia*

13.  *11/13/02 - Walter Stampfl - Norfolk, Virginia*

14.  *11/20/02 - Dr. Jonathan Bolton - His office, RI*

15.  *11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

16.  *11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

17.  *07/17/03 - Dean Koutsoubis - Milano's office*

18.  *08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office*

19.  *08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

### *Architectural and Engineering Diagrams:*

20.  *Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

21.  *Midland Fire Protection as built drawings, 8 sheets.*

22   *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

23.  *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

### *Contracts:*

24.  *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25. *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26. *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27. *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28. *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Roland Hall Renovation Contracts:**

29. *Contract Amendment/Modification dated August 7, 1996.*

30. *Three large blueprints of Roland Hall Renovations.*

31. *List of Subcontractors for Roland Hall renovation project.*

32. *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

**Photographs/Video:**

33. *90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34. *20 pages of Roland Hall accident site photographs.*

**Investigatory Reports:**

101. *October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

102. *May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.*

103. *May 12, 1997 Daily Construction Report executed by*

*Ronald DeFrancesco.*

104. *Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

105. *Job Site Weekly Safety Meetings reports.*

**State Court Depositions**:

108. *Deposition of Steven Shotteck - October 22, 1999*

109. *Deposition of Eric Stemmler - December 13, 1999*

110. *Deposition of Ronald Foster - April 4, 2000*

**Request for Admissions**:

111. *Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

1. *Thomas J. Maron, President Maron Construction Company, Inc. 180 Mancini Drive, Providence, RI   02909*

   *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

2. *David Maron Maron Construction Company, Inc. 180 Mancini Drive, Providence, RI   02909*

   *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

3. *Jane M. Mardo, Vice President Maron Construction Company, Inc.*

*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.  *David B. Munroe, Midland Fire Protection Company
6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.  *Donna Munroe
6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.  *Jack DeMers, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7.  *Robert Fontaine, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8.  *Ronald DeFrancesco, Superintendent
Maron Construction Company
180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony* - *Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall* - *fact witness.*

9.   *C.W.O. Eric Stemmler, U.S. Coast Guard Academy New London, Connecticut*

     *Brief Description of Testimony* - *U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

10.  *Walter Stampfl, U.S. Coast Guard Academy New London, Connecticut*

     *Brief Description of Testimony* - *U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

11.  *Lee Archibald, U.S. Coast Guard Academy New London, Connecticut*

     *Brief Description of Testimony* - *U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

12.  *Greg Carabine, Assistant Facilities Engineer, Coast Guard Academy, New London, Connecticut*

     *Brief Description of Testimony* - *U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

13.  *Ronald Foster 52 Maple Street, Attleboro Falls, MA*

     *Brief Description of Testimony* - *Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall* - *fact witness.*

14.  *Steven Shotteck 61 Pine Street, Seekonk, MA  02771 Brief Description of Testimony* - *Employee of Midland Fire Protection, subcontractor for the renovation project at*

Roland Hall - fact witness.

15.  Randall Draughn

He has been assigned to work for Midland on a project in
North Carolina.  He lives at 5A Severna Court, Durham, NC
27704

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at
Roland Hall - fact witness.

16.  Joseph Strychasz
165 Memorial Drive, Pawtucket, RI  02861
Plaintiff.

17.  Sandra Colicci
2218 Putnam Pike, Chepachet, RI
Plaintiff.

18.  Joshua Strychasz
2218 Putnam Pike, Chepachet, RI
Son of plaintiffs.

19.  Alison L. Wood, Investigator
Williams Investigative Services
Conducted initial investigation of fall at Roland Hall.

20.  Ms. Victoria Worrell, Contract Specialist
Facilities Design & Construction Center Atlantic
5505 Robin Hood Road, Norfolk, VA  23513-2431

Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the
United States Coast Guard and Maron Construction for the
renovation of Roland Hall.  Responsible for contract
compliance.

21.  Mr. Wayne C. Webster, Project Manager for Roland Hall
renovation
Facilities Design & Construction Center Atlantic
Norfolk, Virginia

>       *Brief Description of Testimony - Coast Guard employee*
>       *responsible for the issuance of the contract between the*
>       *United States Coast Guard and Maron Construction for the*
>       *renovation of Roland Hall.  Responsible for contract*
>       *compliance.*

22.   *Wanda Coresini, U.S. Coast Guard Academy*
      *Norfolk, Virginia*

>       *Brief Description of Testimony - Coast Guard employee*
>       *responsible for the issuance of the contract between the*
>       *United States Coast Guard and Maron Construction for the*
>       *renovation of Roland Hall.  Responsible for contract*
>       *compliance.*

23.   *James Gerou*
      *Einhorn, Yaffee, Prescott Architecture & Engineering*
      *P.O. Box 617, Albany, NY  12201*

>       *Brief Description of Testimony - Einhorn, Yaffee, Prescott*
>       *employee responsible for the architecture and engineering*
>       *of the Roland Hall renovation project.*

24.   *Peter Gravel*
      *45 Hyvue Drive, Newburgh, NY  12550*

>       *Brief Description of Testimony - Einhorn, Yaffee, Prescott*
>       *employee responsible for the architecture and engineering*
>       *of the Roland Hall renovation project.*

>       *2.  As Safety Officer, he knew that the ventilation holes*

*in the floor of the cell area had been replaced by the transite*

*roofing boards, which were incapable of holding an adult person's weight;*

*Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

***Depositions:***

1. *09/20/02 - Ronald DeFrancesco - Boyce's office*

2. *09/20/02 - Thomas Maron - Boyce's office*

3. *10/07/02 - Gary Crakes, Ph.D. - Here*

4. *10/22/02 - Peter Gravel - Kaisen's office*

5. *10/23/02 - James Gerou - Kaisen's office*

6. *10/29/02 - Dr. Trafton - Rhode Island*

7. *10/30/02 - Dr. DiGiovanni - Rhode Island*

8. *11/06/02 - David Munroe - Atty. Somers' office*

9. *11/07/02 - Sandra Strychasz - Rhode Island*

10. 11/07/02 – Joseph Strychasz – Rhode Island

11. 11/08/02 – Lee Archibald – USCG, New London

12. 11/13/02 – Wanda Coresini – Norfolk, Virginia

13. 11/13/02 – Walter Stampfl – Norfolk, Virginia
14. 11/20/02 – Dr. Jonathan Bolton – His office, RI

15. 11/25/02 – Dr. DiGiovanni Continued Depo – Rhode Island

16. 11/25/02 – Dr. Trafton Continued Depo – Rhode Island

17.    07/17/03 – Dean Koutsoubis – Milano's office

18.    08/13/03 – Ronald DeFrancesco Continued Depo – Kaisen's     office

19.    08/13/03 – Thomas Maron Continued Depo – Kaisen's          office

**Architectural and Engineering Diagrams**:

48. Two volume set of architectural and engineering     drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21.    Midland Fire Protection as built drawings, 8 sheets.

22     Specifications for Roland Hall renovations prepared by          Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23.    Specifications for Roland Hall renovations prepared by   Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

**Contracts**:

24.    Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April      29, 1996.

25.    Solicitation Offer and Award to Maron Construction Company August 7, 1996.

26.    Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

27.    Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

28.    Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

**Roland Hall Renovation Contracts**:

29.    Contract Amendment/Modification dated August 7, 1996.

30.     Three large blueprints of Roland Hall Renovations.

31.     List of Subcontractors for Roland Hall renovation project.

32.     Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**Photographs/Video**:

33.     90 photographs of various locations inside and outside of the Roland Hall gymnasium taken by Dean Koutsoubis on November 15, 2002 – currently in possession of the defendants.

34.     20 pages of Roland Hall accident site photographs.

**Investigatory Reports**:

101.    October 11, 1996 Safety Plan from David Maron to the     Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102. May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103.    May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104.    Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105. Job Site Weekly Safety Meetings reports.

**State Court Depositions**:

108.    Deposition of Steven Shotteck – October 22, 1999

109.    Deposition of Eric Stemmler – December 13, 1999

110.    Deposition of Ronald Foster – April 4, 2000

**Request for Admissions**:

111. Defendants, Maron Construction, Inc. & Ronald    DeFrancesco's response to Request for Admissions dated   January 6,  2003

**List of Proposed Witnesses to Support Proposed Finding of Fact**:

1. Thomas  J. Maron, President
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

2. David Maron
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

3. Jane M. Mardo, Vice President
   Maron Construction Company, Inc.
   180 Mancini Drive, Providence, RI  02909

   Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

4. David B. Munroe, Midland Fire Protection Company
   6 Grandview Street, Coventry, RI  02810

   Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.

5. Donna Munroe
   6 Grandview Street, Coventry, RI  02810

   Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.

6.    Jack DeMers, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.

7.    Robert Fontaine, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.

8.    Ronald DeFrancesco, Superintendent
Maron Construction Company
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.

9.    C.W.O. Eric Stemmler, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

10.    Walter Stampfl, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

11.    Lee Archibald, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

12.    Greg Carabine, Assistant Facilities Engineer,
       Coast Guard Academy, New London, Connecticut

       Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall
       rehabilitation project.

13.    Ronald Foster
       52 Maple Street, Attleboro Falls, MA

       Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for
       the renovation project at Roland Hall – fact witness.


14.    Steven Shotteck
       61 Pine Street, Seekonk, MA  02771

       Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for
       the renovation project at Roland Hall – fact witness.

15.    Randall Draughn
       He has been assigned to work for Midland on a project in North Carolina.  He lives at 5A
       Severna Court, Durham, NC  27704

       Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for
       the renovation project at Roland Hall – fact witness.

16.    Joseph Strychasz
       165 Memorial Drive, Pawtucket, RI  02861
       Plaintiff.

17.    Sandra Colicci
       2218 Putnam Pike, Chepachet, RI
       Plaintiff.

18.    Joshua Strychasz
       2218 Putnam Pike, Chepachet, RI
       Son of plaintiffs.

19.    Alison L. Wood, Investigator

Williams Investigative Services
Conducted initial investigation of fall at Roland Hall.

20.  Ms. Victoria Worrell, Contract Specialist
Facilities Design & Construction Center Atlantic
5505 Robin Hood Road, Norfolk, VA  23513-2431

Brief Description of Testimony – Coast Guard employee responsible for the issuance of
the contract between the United States Coast Guard and Maron Construction for the
renovation of Roland Hall.  Responsible for contract compliance.

21.  Mr. Wayne C. Webster, Project Manager for Roland Hall renovation
Facilities Design & Construction Center Atlantic
Norfolk, Virginia

Brief Description of Testimony – Coast Guard employee responsible for the issuance of
the contract between the United States Coast Guard and Maron Construction for the
renovation of Roland Hall.  Responsible for contract compliance.

22.  Wanda Coresini, U.S. Coast Guard Academy
Norfolk, Virginia

Brief Description of Testimony – Coast Guard employee responsible for the issuance of
the contract between the United States Coast Guard and Maron Construction for the
renovation of Roland Hall.  Responsible for contract compliance.

23.  James Gerou
Einhorn, Yaffee, Prescott Architecture & Engineering
P.O. Box 617, Albany, NY  12201

Brief Description of Testimony – Einhorn, Yaffee, Prescott employee responsible for the
architecture and engineering of the Roland Hall renovation project.

24.  Peter Gravel
45 Hyvue Drive, Newburgh, NY  12550

Brief Description of Testimony – Einhorn, Yaffee, Prescott employee responsible for the
architecture and engineering of the Roland Hall renovation project.

    *3.  As Safety Officer, he failed to secure the coverings for the outside openings, when he knew that the plaintiff, and other subcontractor employees, would be working in the cell area;*

    *Specification of Supporting Evidence − The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

***Depositions****:*

1.    *09/20/02 − Ronald DeFrancesco − Boyce's office*

2.    *09/20/02 − Thomas Maron − Boyce's office*

3.    *10/07/02 − Gary Crakes, Ph.D. - Here*

4.    *10/22/02 − Peter Gravel − Kaisen's office*

5.    *10/23/02 − James Gerou − Kaisen's office*

6.    *10/29/02 − Dr. Trafton − Rhode Island*

7.    *10/30/02 − Dr. DiGiovanni − Rhode Island*

8.    *11/06/02 − David Munroe − Atty. Somers' office*

9.    *11/07/02 − Sandra Strychasz − Rhode Island*

10.    *11/07/02 − Joseph Strychasz − Rhode Island*

11.    *11/08/02 − Lee Archibald − USCG, New London*

12.    *11/13/02 − Wanda Coresini − Norfolk, Virginia*

13.    *11/13/02 − Walter Stampfl − Norfolk, Virginia*

14.    *11/20/02 − Dr. Jonathan Bolton − His office, RI*

15. *11/25/02 – Dr. DiGiovanni Continued Depo – Rhode Island*

16. *11/25/02 – Dr. Trafton Continued Depo – Rhode Island*

17. *07/17/03 – Dean Koutsoubis – Milano's office*

18. *08/13/03 – Ronald DeFrancesco Continued Depo – Kaisen's office*

19. *08/13/03 – Thomas Maron Continued Depo – Kaisen's office*

**_Architectural and Engineering Diagrams_**:

20. *Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

21. *Midland Fire Protection as built drawings, 8 sheets.*

22 *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

23. *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

**_Contracts_**:

24. *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25. *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26. *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27. *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28. *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**_Roland Hall Renovation Contracts_**:

29.     Contract Amendment/Modification dated August 7, 1996.

30.     Three large blueprints of Roland Hall Renovations.

31.     List of Subcontractors for Roland Hall renovation project.

32.     Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**_Photographs/Video_**:

33.     90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 – currently in possession of the defendants.

34.     20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_**:

101.    October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102.    May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103.    May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104.    Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105.    Job Site Weekly Safety Meetings reports.

**_State Court Depositions_**:

108.    Deposition of Steven Shotteck – October 22, 1999

109.    Deposition of Eric Stemmler – December 13, 1999

110.    Deposition of Ronald Foster – April 4, 2000

**_Request for Admissions_**:

*111.    Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

### List of Proposed Witnesses to Support Proposed Finding of Fact:

*1.    Thomas J. Maron, President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.*

*2.    David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.*

*3.    Jane M. Mardo, Vice President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.*

*4.    David B. Munroe, Midland Fire Protection Company*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

*5.    Donna Munroe*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

*6.    Jack DeMers, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

7.    *Robert Fontaine, Midland Fire Protection*
      *6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

8.    *Ronald DeFrancesco, Superintendent*
      *Maron Construction Company*
      *180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony – Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall – fact witness.*

9.    *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
      *New London, Connecticut*

*Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

10.    *Walter Stampfl, U.S. Coast Guard Academy*
       *New London, Connecticut*

*Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

11.    *Lee Archibald, U.S. Coast Guard Academy*
       *New London, Connecticut*

*Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

12.    *Greg Carabine, Assistant Facilities Engineer,*

*Coast Guard Academy, New London, Connecticut*

*Brief Description of Testimony – U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

13.    *Ronald Foster*
        *52 Maple Street, Attleboro Falls, MA*

        *Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

14.    *Steven Shotteck*
        *61 Pine Street, Seekonk, MA  02771*

        *Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

15.    *Randall Draughn*
        *He has been assigned to work for Midland on a project in North Carolina.  He lives at 5A Severna Court, Durham, NC  27704*

        *Brief Description of Testimony – Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall – fact witness.*

16.    *Joseph Strychasz*
        *165 Memorial Drive, Pawtucket, RI  02861*
        *Plaintiff.*

17.    *Sandra Colicci*
        *2218 Putnam Pike, Chepachet, RI*
        *Plaintiff.*

18.    *Joshua Strychasz*
        *2218 Putnam Pike, Chepachet, RI*
        *Son of plaintiffs.*

19.    *Alison L. Wood, Investigator*
        *Williams Investigative Services*

*Conducted initial investigation of fall at Roland Hall.*

20.    *Ms. Victoria Worrell, Contract Specialist*
       *Facilities Design & Construction Center Atlantic*
       *5505 Robin Hood Road, Norfolk, VA  23513-2431*

       *Brief Description of Testimony – Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21.    *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
       *Facilities Design & Construction Center Atlantic*
       *Norfolk, Virginia*

       *Brief Description of Testimony – Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

22.    *Wanda Coresini, U.S. Coast Guard Academy*
       *Norfolk, Virginia*

       *Brief Description of Testimony – Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

23.    *James Gerou*
       *Einhorn, Yaffee, Prescott Architecture & Engineering*
       *P.O. Box 617, Albany, NY  12201*

       *Brief Description of Testimony – Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

24.    *Peter Gravel*
       *45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony – Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

    4.  As Safety Officer, he failed to conduct weekly meetings on safety with the employees of Maron, as required under the contract with the U.S.C.G.;

    Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:

**Depositions:**

    1.  09/20/02 - Ronald DeFrancesco - Boyce's office

    2.  09/20/02 - Thomas Maron - Boyce's office

    3.  10/07/02 - Gary Crakes, Ph.D. - Here

    4.  10/22/02 - Peter Gravel - Kaisen's office

    5.  10/23/02 - James Gerou - Kaisen's office

    6.  10/29/02 - Dr. Trafton - Rhode Island

    7.  10/30/02 - Dr. DiGiovanni - Rhode Island

8.    11/06/02 - David Munroe - Atty. Somers' office

9.    11/07/02 - Sandra Strychasz - Rhode Island

10.   11/07/02 - Joseph Strychasz - Rhode Island

11.   11/08/02 - Lee Archibald - USCG, New London

12.   11/13/02 - Wanda Coresini - Norfolk, Virginia

13.   11/13/02 - Walter Stampfl - Norfolk, Virginia

14.   11/20/02 - Dr. Jonathan Bolton - His office, RI
15.   11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.   11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.   07/17/03 - Dean Koutsoubis - Milano's office

18.   08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19.   08/13/03 - Thomas Maron Continued Depo - Kaisen's office

***Architectural and Engineering Diagrams***:

20.   Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21.   Midland Fire Protection as built drawings, 8 sheets.

22    Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23.   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

***Contracts***:

24.   Contract between the U.S. Coast Guard and Einhorn,

Yaffee, Prescott dated April 29, 1996.

    25.  Solicitation Offer and Award to Maron Construction Company August 7, 1996.

    26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

    27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

    28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

**_Roland Hall Renovation Contracts_:**

    29.  Contract Amendment/Modification dated August 7, 1996.

    30.  Three large blueprints of Roland Hall Renovations.

    31.  List of Subcontractors for Roland Hall renovation project.

    32.  Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**_Photographs/Video_:**

    33.  90 photographs of various locations inside and outside of the Roland Hall  Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.

    34.  20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_:**

    101. October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

    102. May 12, 1997 2-page letter from Thomas Maron to

Midland Fire Protection.

103. May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104. Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105.      Job Site Weekly Safety Meetings reports.


**_State Court Depositions_**:

108. Deposition of Steven Shotteck - October 22, 1999

109. Deposition of Eric Stemmler - December 13, 1999

110. Deposition of Ronald Foster - April 4, 2000

**_Request for Admissions_**:

111. Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003.

**_List of Proposed Witnesses to Support Proposed Finding of Fact_:**

1.   Thomas J. Maron, President
     Maron Construction Company, Inc.
     180 Mancini Drive, Providence, RI  02909

     Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.

2.   David Maron
     Maron Construction Company, Inc.
     180 Mancini Drive, Providence, RI  02909

     Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation

*project at Roland Hall - fact witness.*

*3.   Jane M. Mardo, Vice President*
      *Maron Construction Company, Inc.*
      *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron*
*Construction Company, general contractor for the renovation*
*project at Roland Hall - fact witness.*

*4.   David B. Munroe, Midland Fire Protection Company*
      *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*5.   Donna Munroe*
      *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*6.   Jack DeMers, Midland Fire Protection*
      *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*7.   Robert Fontaine, Midland Fire Protection*
      *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*8.   Ronald DeFrancesco, Superintendent*
      *Maron Construction Company*
      *180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony* - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.

9.  C.W.O. Eric Stemmler, U.S. Coast Guard Academy
    New London, Connecticut

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

10. Walter Stampfl, U.S. Coast Guard Academy
    New London, Connecticut

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

11. Lee Archibald, U.S. Coast Guard Academy
    New London, Connecticut

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

12. Greg Carabine, Assistant Facilities Engineer,
    Coast Guard Academy, New London, Connecticut

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

13. Ronald Foster
    52 Maple Street, Attleboro Falls, MA

    *Brief Description of Testimony* - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.

14. Steven Shotteck
    61 Pine Street, Seekonk, MA  02771

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

15. *Randall Draughn*
    *He has been assigned to work for Midland on a project in North Carolina. He lives      at 5A Severna Court, Durham, NC 27704*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

16. *Joseph Strychasz*
    *165 Memorial Drive, Pawtucket, RI  02861*
    *Plaintiff.*

17. *Sandra Colicci*
    *2218 Putnam Pike, Chepachet, RI*
    *Plaintiff.*

18. *Joshua Strychasz*
    *2218 Putnam Pike, Chepachet, RI*
    *Son of plaintiffs.*

19. *Alison L. Wood, Investigator*
    *Williams Investigative Services*
    *Conducted initial investigation of fall at Roland Hall.*

20. *Ms. Victoria Worrell, Contract Specialist*
    *Facilities Design & Construction Center Atlantic*
    *5505 Robin Hood Road, Norfolk, VA  23513-2431*

    *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21.  Mr. Wayne C. Webster, Project Manager for Roland Hall
renovation
     Facilities Design & Construction Center Atlantic
     Norfolk, Virginia

     Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

22.  Wanda Coresini, U.S. Coast Guard Academy
     Norfolk, Virginia

     Brief Description of Testimony - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

23.  James Gerou
     Einhorn, Yaffee, Prescott Architecture & Engineering
     P.O. Box 617, Albany, NY  12201

     Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the
Roland Hall renovation project.

24.  Peter Gravel
     45 Hyvue Drive, Newburgh, NY  12550

     Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the
Roland Hall renovation project.

5.   As Safety Officer, he failed to provide for a safe entrance and exit to the cell area from the gymnasium floor, when he knew that Midland's four employees were required to work in the cell area in the vicinity of these unsafe coverings on the ventilation holes;

Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:

**_Depositions_**:

1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.  11/07/02 - Sandra Strychasz - Rhode Island

10. 11/07/02 - Joseph Strychasz - Rhode Island

11. 11/08/02 - Lee Archibald - USCG, New London

12. 11/13/02 - Wanda Coresini - Norfolk, Virginia
13. 11/13/02 - Walter Stampfl - Norfolk, Virginia

14. 11/20/02 - Dr. Jonathan Bolton - His office, RI

15. 11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16. 11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17. 07/17/03 - Dean Koutsoubis - Milano's office

18. 08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19. 08/13/03 - Thomas Maron Continued Depo - Kaisen's office

### Architectural and Engineering Diagrams:

20. Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21. Midland Fire Protection as built drawings, 8 sheets.

22  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23. Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

### Contracts:

24. Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.

25.  *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26.  *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27.  *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28.  *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Roland Hall Renovation Contracts**:

29.  *Contract Amendment/Modification dated August 7, 1996.*

30.  *Three large blueprints of Roland Hall Renovations.*

31.  *List of Subcontractors for Roland Hall renovation project.*

32.  *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

**Photographs/Video**:

33.  *90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34.  *20 pages of Roland Hall accident site photographs.*

**Investigatory Reports**:

101. *October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

102. *May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.*

103. *May 12, 1997 Daily Construction Report executed by*

*Ronald DeFrancesco.*

*104. Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*105.    Job Site Weekly Safety Meetings reports.*

**State Court Depositions:**

*108. Deposition of Steven Shotteck - October 22, 1999*

*109. Deposition of Eric Stemmler - December 13, 1999*

*110. Deposition of Ronald Foster - April 4, 2000*

**Request for Admissions:**

*111. Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

*1.    Thomas J. Maron, President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*2.    David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

3.   *Jane M. Mardo, Vice President*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.   *David B. Munroe, Midland Fire Protection Company*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.   *Donna Munroe*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.   *Jack DeMers, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7.   *Robert Fontaine, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8.   *Ronald DeFrancesco, Superintendent*
     *Maron Construction Company*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron*
*Construction Company, general contractor for the renovation*
*project at Roland Hall - fact witness.*

9.   *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

10.  *Walter Stampfl, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

11.  *Lee Archibald, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

12.  *Greg Carabine, Assistant Facilities Engineer,*
     *Coast Guard Academy, New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

13.  *Ronald Foster*
     *52 Maple Street, Attleboro Falls, MA*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

14. *Steven Shotteck*
    *61 Pine Street, Seekonk, MA  02771*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

15. *Randall Draughn*
    *He has been assigned to work for Midland on a project in North Carolina.  He lives    at 5A Severna Court, Durham, NC 27704*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

16. *Joseph Strychasz*
    *165 Memorial Drive, Pawtucket, RI  02861*
    *Plaintiff.*

17. *Sandra Colicci*
    *2218 Putnam Pike, Chepachet, RI*
    *Plaintiff.*

18. *Joshua Strychasz*
    *2218 Putnam Pike, Chepachet, RI*
    *Son of plaintiffs.*

19. *Alison L. Wood, Investigator*
    *Williams Investigative Services*
    *Conducted initial investigation of fall at Roland Hall.*

20. *Ms. Victoria Worrell, Contract Specialist*
    *Facilities Design & Construction Center Atlantic*
    *5505 Robin Hood Road, Norfolk, VA  23513-2431*

    *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21.  *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
     *Facilities Design & Construction Center Atlantic*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

22.  *Wanda Coresini, U.S. Coast Guard Academy*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

23.  *James Gerou*
     *Einhorn, Yaffee, Prescott Architecture & Engineering*
     *P.O. Box 617, Albany, NY  12201*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

24.  *Peter Gravel*
     *45 Hyvue Drive, Newburgh, NY  12550*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

6.  As Safety Officer, Mr. DeFrancesco knew that during the demolition that Midland employees, and other subcontractor employees, used these openings in the gymnasium floor to enter and exit the cell area, requiring them to stand on transite coverings;

Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:

**_Depositions_**:

1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia
13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

*14.   11/20/02 - Dr. Jonathan Bolton - His office, RI*

*15.   11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

*16.   11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

*17.   07/17/03 - Dean Koutsoubis - Milano's office*

*18.   08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office*

*19.   08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

### *Architectural and Engineering Diagrams:*

*20.   Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

*21.   Midland Fire Protection as built drawings, 8 sheets.*

*22.   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

*23.   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

### *Contracts:*

*24.   Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

*25.   Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

*26.   Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

*27.   Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

*28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Roland Hall Renovation Contracts:**

*29.  Contract Amendment/Modification dated August 7, 1996.*

*30.  Three large blueprints of Roland Hall Renovations.*

*31.  List of Subcontractors for Roland Hall renovation project.*

*32.  Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

**Photographs/Video:**

*33.  90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

*34.  20 pages of Roland Hall accident site photographs.*

**Investigatory Reports:**

*101.  October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

*102.  May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.*

*103.  May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.*

*104.  Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*105.  Job Site Weekly Safety Meetings reports.*

**State Court Depositions:**

*108.   Deposition of Steven Shotteck - October 22, 1999*

*109.   Deposition of Eric Stemmler - December 13, 1999*

*110.   Deposition of Ronald Foster - April 4, 2000*

**Request for Admissions:**

*111.   Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

*1.   Thomas J. Maron, President
      Maron Construction Company, Inc.
      180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*2.   David Maron
      Maron Construction Company, Inc.
      180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*3.   Jane M. Mardo, Vice President
      Maron Construction Company, Inc.
      180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.  David B. Munroe, Midland Fire Protection Company
    6 Grandview Street, Coventry, RI  02810

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.  Donna Munroe
    6 Grandview Street, Coventry, RI  02810

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.  Jack DeMers, Midland Fire Protection
    6 Grandview Street, Coventry, RI  02810

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7.  Robert Fontaine, Midland Fire Protection
    6 Grandview Street, Coventry, RI  02810

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8.  Ronald DeFrancesco, Superintendent
    Maron Construction Company
    180 Mancini Drive, Providence, RI  02909

    *Brief Description of Testimony - Employee of Maron*

Construction Company, general contractor for the renovation
project at Roland Hall - fact witness.

9.   C.W.O. Eric Stemmler, U.S. Coast Guard Academy
     New London, Connecticut

     Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

10.  Walter Stampfl, U.S. Coast Guard Academy
     New London, Connecticut

     Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

11.  Lee Archibald, U.S. Coast Guard Academy
     New London, Connecticut

     Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

12.  Greg Carabine, Assistant Facilities Engineer,
     Coast Guard Academy, New London, Connecticut

     Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

13.  Ronald Foster
     52 Maple Street, Attleboro Falls, MA

     Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.


14.  Steven Shotteck
     61 Pine Street, Seekonk, MA  02771

     Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

15. *Randall Draughn*
*He has been assigned to work for Midland on a project in North Carolina.  He lives     at 5A Severna Court, Durham, NC 27704*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

16. *Joseph Strychasz*
*165 Memorial Drive, Pawtucket, RI   02861*
*Plaintiff.*

17. *Sandra Colicci*
*2218 Putnam Pike, Chepachet, RI*
*Plaintiff.*

18. *Joshua Strychasz*
*2218 Putnam Pike, Chepachet, RI*
*Son of plaintiffs.*

19. *Alison L. Wood, Investigator*
*Williams Investigative Services*
*Conducted initial investigation of fall at Roland Hall.*

20. *Ms. Victoria Worrell, Contract Specialist*
*Facilities Design & Construction Center Atlantic*
*5505 Robin Hood Road, Norfolk, VA   23513-2431*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21. *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
*Facilities Design & Construction Center Atlantic*
*Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United*

*States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*22. Wanda Coresini, U.S. Coast Guard Academy*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*23. James Gerou*
     *Einhorn, Yaffee, Prescott Architecture & Engineering*
     *P.O. Box 617, Albany, NY  12201*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*24. Peter Gravel*
     *45 Hyvue Drive, Newburgh, NY  12550*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*7. As Safety Officer, he failed to make periodic safety inspections of the job-site everyday as required under the contract and safety plan submitted by Maron;*

*Specification of Supporting Evidence* - *The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

**_Depositions_**:

1.  *09/20/02 - Ronald DeFrancesco - Boyce's office*

2.  *09/20/02 - Thomas Maron - Boyce's office*

3.  *10/07/02 - Gary Crakes, Ph.D. - Here*

4.  *10/22/02 - Peter Gravel - Kaisen's office*

5.  *10/23/02 - James Gerou - Kaisen's office*

6.  *10/29/02 - Dr. Trafton - Rhode Island*

7.  *10/30/02 - Dr. DiGiovanni - Rhode Island*

8.  *11/06/02 - David Munroe - Atty. Somers' office*

9.  *11/07/02 - Sandra Strychasz - Rhode Island*

10. *11/07/02 - Joseph Strychasz - Rhode Island*

11. *11/08/02 - Lee Archibald - USCG, New London*

12. *11/13/02 - Wanda Coresini - Norfolk, Virginia*

13. *11/13/02 - Walter Stampfl - Norfolk, Virginia*

14. *11/20/02 - Dr. Jonathan Bolton - His office, RI*
15. *11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

16. *11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

17. *07/17/03 - Dean Koutsoubis - Milano's office*

18. *08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's*

*office*

*19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

**_Architectural and Engineering Diagrams_**:

*20.  Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

*21.  Midland Fire Protection as built drawings, 8 sheets.*

*22   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

*23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

**_Contracts_**:

*24.  Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

*25.  Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

*26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

*27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

*28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**_Roland Hall Renovation Contracts_**:

*29.  Contract Amendment/Modification dated August 7, 1996.*

*30.  Three large blueprints of Roland Hall Renovations.*

31.  List of Subcontractors for Roland Hall renovation
project.

32.  Two large blueprints of Einhorn, Yaffee, Prescott
Architectural, pages 30 and 31.

**_Photographs/Video_**:

33.  90 photographs of various locations inside and outside
of the Roland Hall Gymnasium taken by Dean Koutsoubis on
November 15, 2002 - currently in possession of the defendants.

34.  20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_**:

101.  October 11, 1996 Safety Plan from David Maron to the
Coast Guard Contracting Division designating Ronald DeFrancesco
as Safety Officer.

102.  May 12, 1997 2-page letter from Thomas Maron to
Midland Fire Protection.

103.  May 12, 1997 Daily Construction Report executed by
Ronald DeFrancesco.

104.  Investigatory report of Chief Warrant Officer Eric
Stemmler dated May 28, 1997 with attachments, 15 pages.

105.  Job Site Weekly Safety Meetings reports.

**_State Court Depositions_**:

108.  Deposition of Steven Shotteck - October 22, 1999

109.  Deposition of Eric Stemmler - December 13, 1999

110.  Deposition of Ronald Foster - April 4, 2000

**_Request for Admissions_**:

*111.  Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

1.  *Thomas J. Maron, President*
    *Maron Construction Company, Inc.*
    *180 Mancini Drive, Providence, RI  02909*

    *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

2.  *David Maron*
    *Maron Construction Company, Inc.*
    *180 Mancini Drive, Providence, RI  02909*

    *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

3.  *Jane M. Mardo, Vice President*
    *Maron Construction Company, Inc.*
    *180 Mancini Drive, Providence, RI  02909*

    *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.  *David B. Munroe, Midland Fire Protection Company*
    *6 Grandview Street, Coventry, RI  02810*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.  *Donna Munroe*
    *6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6. *Jack DeMers, Midland Fire Protection*
   *6 Grandview Street, Coventry, RI  02810*

   *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7. *Robert Fontaine, Midland Fire Protection*
   *6 Grandview Street, Coventry, RI  02810*

   *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8. *Ronald DeFrancesco, Superintendent*
   *Maron Construction Company*
   *180 Mancini Drive, Providence, RI  02909*

   *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

9. *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
   *New London, Connecticut*

   *Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

10. *Walter Stampfl, U.S. Coast Guard Academy*
    *New London, Connecticut*

    *Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

11.  *Lee Archibald, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

12.  *Greg Carabine, Assistant Facilities Engineer,*
     *Coast Guard Academy, New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

13.  *Ronald Foster*
     *52 Maple Street, Attleboro Falls, MA*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

14.  *Steven Shotteck*
     *61 Pine Street, Seekonk, MA  02771*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

15.  *Randall Draughn*
     *He has been assigned to work for Midland on a project in*
*North Carolina.  He lives       at 5A Severna Court, Durham, NC*
*27704*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

16.  *Joseph Strychasz*
     *165 Memorial Drive, Pawtucket, RI  02861*
     *Plaintiff.*

17.  *Sandra Colicci*
     *2218 Putnam Pike, Chepachet, RI*
     *Plaintiff.*

18.  *Joshua Strychasz*
     *2218 Putnam Pike, Chepachet, RI*
     *Son of plaintiffs.*

19.  *Alison L. Wood, Investigator*
     *Williams Investigative Services*
     *Conducted initial investigation of fall at Roland Hall.*

20.  *Ms. Victoria Worrell, Contract Specialist*
     *Facilities Design & Construction Center Atlantic*
     *5505 Robin Hood Road, Norfolk, VA  23513-2431*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21.  *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
     *Facilities Design & Construction Center Atlantic*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

22.  *Wanda Coresini, U.S. Coast Guard Academy*
     *Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

23.  James Gerou
     *Einhorn, Yaffee, Prescott Architecture & Engineering*
     *P.O. Box 617, Albany, NY  12201*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

24.  Peter Gravel
     *45 Hyvue Drive, Newburgh, NY  12550*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

     *8.  As Safety Officer, Mr. DeFrancesco failed to give the plaintiff the safety orientation required under the agreement with U.S.C.G.;*

     *Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

**_Depositions_**:

1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  11/20/02 - Dr. Jonathan Bolton - His office, RI
15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office

**_Architectural and Engineering Diagrams_**:

20.  Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21.  Midland Fire Protection as built drawings, 8 sheets.

22   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

### ***Contracts*:**

24.  Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.

25.  Solicitation Offer and Award to Maron Construction Company August 7, 1996.

26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

### ***Roland Hall Renovation Contracts*:**

29.  Contract Amendment/Modification dated August 7, 1996.

30.  Three large blueprints of Roland Hall Renovations.

31.  List of Subcontractors for Roland Hall renovation project.

32.  Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**_Photographs/Video_**:

33.   90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.

34.  20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_**:

101.  October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102.  May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103.  May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104.  Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105.  Job Site Weekly Safety Meetings reports.

**_State Court Depositions_**:

108.  Deposition of Steven Shotteck - October 22, 1999

109.  Deposition of Eric Stemmler - December 13, 1999

110.  Deposition of Ronald Foster - April 4, 2000

**_Request for Admissions_**:

111.  Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003

**_List of Proposed Witnesses to Support Proposed Finding of_**

*Fact:*

1.   *Thomas J. Maron, President*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

2.   *David Maron*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

3.   *Jane M. Mardo, Vice President*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.   *David B. Munroe, Midland Fire Protection Company*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.   *Donna Munroe*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.   *Jack DeMers, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony* - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.

7.  *Robert Fontaine, Midland Fire Protection*
    *6 Grandview Street, Coventry, RI   02810*

    *Brief Description of Testimony* - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.

8.  *Ronald DeFrancesco, Superintendent*
    *Maron Construction Company*
    *180 Mancini Drive, Providence, RI   02909*

    *Brief Description of Testimony* - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.

9.  *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
    *New London, Connecticut*

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

10. *Walter Stampfl, U.S. Coast Guard Academy*
    *New London, Connecticut*

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

11. *Lee Archibald, U.S. Coast Guard Academy*
    *New London, Connecticut*

    *Brief Description of Testimony* - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

12.  Greg Carabine, Assistant Facilities Engineer,
     Coast Guard Academy, New London, Connecticut

     Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

13.  Ronald Foster
     52 Maple Street, Attleboro Falls, MA

     Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

14.  Steven Shotteck
     61 Pine Street, Seekonk, MA  02771

     Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

15.  Randall Draughn
     He has been assigned to work for Midland on a project in
North Carolina.  He lives      at 5A Severna Court, Durham, NC
27704

     Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

16.  Joseph Strychasz
     165 Memorial Drive, Pawtucket, RI  02861
     Plaintiff.

17.  Sandra Colicci
     2218 Putnam Pike, Chepachet, RI
     Plaintiff.

18.  Joshua Strychasz

*2218 Putnam Pike, Chepachet, RI*
*Son of plaintiffs.*

19. *Alison L. Wood, Investigator*
    *Williams Investigative Services*
    *Conducted initial investigation of fall at Roland Hall.*

20. *Ms. Victoria Worrell, Contract Specialist*
    *Facilities Design & Construction Center Atlantic*
    *5505 Robin Hood Road, Norfolk, VA  23513-2431*

    *Brief Description of Testimony - Coast Guard employee*
*responsible for the issuance of the contract between the United*
*States Coast Guard and Maron Construction for the renovation of*
*Roland Hall.  Responsible for contract compliance.*

21. *Mr. Wayne C. Webster, Project Manager for Roland Hall*
*renovation*
    *Facilities Design & Construction Center Atlantic*
    *Norfolk, Virginia*

    *Brief Description of Testimony - Coast Guard employee*
*responsible for the issuance of the contract between the United*
*States Coast Guard and Maron Construction for the renovation of*
*Roland Hall.  Responsible for contract compliance.*

22. *Wanda Coresini, U.S. Coast Guard Academy*
    *Norfolk, Virginia*

    *Brief Description of Testimony - Coast Guard employee*
*responsible for the issuance of the contract between the United*
*States Coast Guard and Maron Construction for the renovation of*
*Roland Hall.  Responsible for contract compliance.*

23. *James Gerou*

*Einhorn, Yaffee, Prescott Architecture & Engineering*
*P.O. Box 617, Albany, NY  12201*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*24.  Peter Gravel*
*45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*9.  As Safety Officer, Mr. DeFrancesco failed, during his inspections of work areas, to observe areas of all subcontractors and take appropriate action to correct the unsafe conditions, as soon as possible, pursuant to the agreement with U.S.C.G.;*

*Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

1.  09/20/02 - Ronald DeFrancesco - Boyce's office

2.  09/20/02 - Thomas Maron - Boyce's office

3.  10/07/02 - Gary Crakes, Ph.D. - Here

4.  10/22/02 - Peter Gravel - Kaisen's office

5.  10/23/02 - James Gerou - Kaisen's office

6.  10/29/02 - Dr. Trafton - Rhode Island

7.  10/30/02 - Dr. DiGiovanni - Rhode Island

8.  11/06/02 - David Munroe - Atty. Somers' office

9.  11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia
14.  11/20/02 - Dr. Jonathan Bolton - His office, RI

15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's

19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office

**neering Diagrams:**

20.  Two volume set of architectural and engineering drawings
     for the Roland Hall renovation project prepared by Einhorn,

*Yaffee Prescott Engineers.*

*21.  Midland Fire Protection as built drawings, 8 sheets.*

*22   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

*23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

*24.  Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

*25.  Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

*26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

*27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*
*28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Contracts:**

*29.  Contract Amendment/Modification dated August 7, 1996.*

*30.  Three large blueprints of Roland Hall Renovations.*

*31.  List of Subcontractors for Roland Hall renovation project.*

*32.  Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

*33.  90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34.  20 pages of Roland Hall accident site photographs.

October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

ekly Safety Meetings reports.

s:

Deposition of Steven Shotteck - October 22, 1999

Deposition of Eric Stemmler - December 13, 1999

Deposition of Ronald Foster - April 4, 2000

:

Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

Thomas J. Maron, President
Maron Construction Company, Inc.
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland

*Hall - fact witness.*

*David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction*
*Company, general contractor for the renovation project at Roland*
*Hall - fact witness.*

*Jane M. Mardo, Vice President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction*
*Company, general contractor for the renovation project at Roland*
*Hall - fact witness.*

*David B. Munroe, Midland Fire Protection Company*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*Donna Munroe*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*Jack DeMers, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire*
*tor for the renovation project at Roland Hall - fact witness.*

*Robert Fontaine, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire*

Protection, subcontractor for the renovation project at Roland Hall - fact witness.

Ronald DeFrancesco, Superintendent
Maron Construction Company
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.

C.W.O. Eric Stemmler, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

Walter Stampfl, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

Lee Archibald, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

Greg Carabine, Assistant Facilities Engineer,
Coast Guard Academy, New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.

Ronald Foster
52 Maple Street, Attleboro Falls, MA

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Steven Shotteck*
*61 Pine Street, Seekonk, MA  02771*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Randall Draughn*
*He has been assigned to work for Midland on a project in North Carolina.  He lives      at 5A Severna Court, Durham, NC  27704*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Joseph Strychasz*
*165 Memorial Drive, Pawtucket, RI  02861*
*Plaintiff.*

*Sandra Colicci*
*2218 Putnam Pike, Chepachet, RI*
*Plaintiff.*

*Joshua Strychasz*
*2218 Putnam Pike, Chepachet, RI*
*Son of plaintiffs.*

*Alison L. Wood, Investigator*
*Williams Investigative Services*
*Conducted initial investigation of fall at Roland Hall.*

*Ms. Victoria Worrell, Contract Specialist*
*Facilities Design & Construction Center Atlantic*
*5505 Robin Hood Road, Norfolk, VA  23513-2431*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*Mr. Wayne C. Webster, Project Manager for Roland Hall renovation Facilities Design & Construction Center Atlantic Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*Wanda Coresini, U.S. Coast Guard Academy Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*James Gerou Einhorn, Yaffee, Prescott Architecture & Engineering P.O. Box 617, Albany, NY  12201*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*Peter Gravel 45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott*

*or the architecture and engineering of the Roland Hall renovation project.*

*10.  As Safety Officer, Mr. DeFrancesco failed to make regular and frequent inspections over the entire site at least daily; and, at least once each week, jointly with trade contractor representatives, as required under the agreement with the U.S.C.G.;*

*Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

*1.    09/20/02 - Ronald DeFrancesco - Boyce's office*

*2.    09/20/02 - Thomas Maron - Boyce's office*

*3.    10/07/02 - Gary Crakes, Ph.D. - Here*

*4.    10/22/02 - Peter Gravel - Kaisen's office*

*5.    10/23/02 - James Gerou - Kaisen's office*

*6.    10/29/02 - Dr. Trafton - Rhode Island*

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia
13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  11/20/02 - Dr. Jonathan Bolton - His office, RI

15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's

**neering Diagrams**:

20.  Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21.  Midland Fire Protection as built drawings, 8 sheets.

22   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

24.  *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25.  *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26.  *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27.  *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28.  *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Contracts:**

29.  *Contract Amendment/Modification dated August 7, 1996.*

30.  *Three large blueprints of Roland Hall Renovations.*

31.  *List of Subcontractors for Roland Hall renovation project.*

32.  *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

33.  *90 photographs of various locations inside and outside of the Roland Hall   Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34.  *20 pages of Roland Hall accident site photographs.*

*October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

*May 12, 1997 2-page letter from Thomas Maron to Midland Fire*

*Protection.*

*May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.*

*Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*Job Site Weekly Safety Meetings reports.*

*s:*

*Deposition of Steven Shotteck - October 22, 1999*

*Deposition of Eric Stemmler - December 13, 1999*

*Deposition of Ronald Foster - April 4, 2000*

*:*

*Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

***List of Proposed Witnesses to Support Proposed Finding of Fact:***

*Thomas J. Maron, President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

Jane M. Mardo, Vice President
Maron Construction Company, Inc.
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

David B. Munroe, Midland Fire Protection Company
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Donna Munroe
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Jack DeMers, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Robert Fontaine, Midland Fire Protection
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

*Ronald DeFrancesco, Superintendent*
*Maron Construction Company*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Walter Stampfl, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Lee Archibald, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Greg Carabine, Assistant Facilities Engineer,*
*Coast Guard Academy, New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Ronald Foster*
*52 Maple Street, Attleboro Falls, MA*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland*

*Hall - fact witness.*


*Steven Shotteck*
*61 Pine Street, Seekonk, MA  02771*

*Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*Randall Draughn*
*He has been assigned to work for Midland on a project in North*
*Carolina.  He lives          at 5A Severna Court, Durham, NC*
*27704*

*Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

*Joseph Strychasz*
*165 Memorial Drive, Pawtucket, RI  02861*
*Plaintiff.*

*Sandra Colicci*
*2218 Putnam Pike, Chepachet, RI*
*Plaintiff.*

*Joshua Strychasz*
*2218 Putnam Pike, Chepachet, RI*
*Son of plaintiffs.*

*Alison L. Wood, Investigator*
*Williams Investigative Services*
*Conducted initial investigation of fall at Roland Hall.*

*Ms. Victoria Worrell, Contract Specialist*
*Facilities Design & Construction Center Atlantic*
*5505 Robin Hood Road, Norfolk, VA  23513-2431*

*Brief Description of Testimony - Coast Guard employee responsible*
*for the issuance of the contract between the United States Coast*
*Guard and Maron Construction for the renovation of Roland Hall.*

*Responsible for contract compliance.*

21. *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
    *Facilities Design & Construction Center Atlantic*
    *Norfolk, Virginia*

    *Brief Description of Testimony - Coast Guard employee responsible*
    *for the issuance of the contract between the United States Coast*
    *Guard and Maron Construction for the renovation of Roland Hall.*
    *Responsible for contract compliance.*

    *Wanda Coresini, U.S. Coast Guard Academy*
    *Norfolk, Virginia*

    *Brief Description of Testimony - Coast Guard employee responsible*
    *for the issuance of the contract between the United States Coast*
    *Guard and Maron Construction for the renovation of Roland Hall.*
    *Responsible for contract compliance.*

    *James Gerou*
    *Einhorn, Yaffee, Prescott Architecture & Engineering*
    *P.O. Box 617, Albany, NY  12201*

    *Brief Description of Testimony - Einhorn, Yaffee, Prescott*
    *employee responsible for the architecture and engineering of the*
    *Roland Hall renovation project.*

    *Peter Gravel*
    *45 Hyvue Drive, Newburgh, NY  12550*

    *Brief Description of Testimony - Einhorn, Yaffee, Prescott*
    *employee responsible for the architecture and engineering of the*
    *Roland Hall renovation project.*

11.  As Safety Officer, he failed to acquaint the plaintiff with the possibility of a fall and the hazards that could be expected in the cell area;

Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:

1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  *11/20/02 - Dr. Jonathan Bolton - His office, RI*

15.  *11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

16.  *11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

17.  *07/17/03 - Dean Koutsoubis - Milano's office*

18.  *08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's*

19.  *08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

**neering Diagrams:**

20.  *Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

21.  *Midland Fire Protection as built drawings, 8 sheets.*

22   *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

23.  *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

24.  *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25.  *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26.  *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27.  *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28.  *Contract Modification executed by Maron Construction dated*

*June 17, 1997 with attachments, 10 pages.*

**Contracts:**

*29.   Contract Amendment/Modification dated August 7, 1996.*

*30.   Three large blueprints of Roland Hall Renovations.*

*31.   List of Subcontractors for Roland Hall renovation project.*

*32.   Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

*33.   90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

*34.   20 pages of Roland Hall accident site photographs.*

*October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

*May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.*

*May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.*

*Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*Job Site Weekly Safety Meetings reports.*

**s:**

*Deposition of Steven Shotteck - October 22, 1999*

*Deposition of Eric Stemmler - December 13, 1999*

*Deposition of Ronald Foster - April 4, 2000*

:

*Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

*Thomas J. Maron, President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*Jane M. Mardo, Vice President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*
*David B. Munroe, Midland Fire Protection Company*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

Donna Munroe
6 Grandview Street, Coventry, RI   02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Jack DeMers, Midland Fire Protection
6 Grandview Street, Coventry, RI   02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Robert Fontaine, Midland Fire Protection
6 Grandview Street, Coventry, RI   02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Ronald DeFrancesco, Superintendent
Maron Construction Company
180 Mancini Drive, Providence, RI   02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

C.W.O. Eric Stemmler, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.
Walter Stampfl, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Lee Archibald, U.S. Coast Guard Academy

New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Greg Carabine, Assistant Facilities Engineer,
Coast Guard Academy, New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Ronald Foster
52 Maple Street, Attleboro Falls, MA

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Steven Shotteck
61 Pine Street, Seekonk, MA  02771

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Randall Draughn
He has been assigned to work for Midland on a project in North
Carolina.  He lives              at 5A Severna Court, Durham, NC
27704

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Joseph Strychasz
165 Memorial Drive, Pawtucket, RI  02861
Plaintiff.

Sandra Colicci
2218 Putnam Pike, Chepachet, RI
Plaintiff.

Joshua Strychasz
2218 Putnam Pike, Chepachet, RI
Son of plaintiffs.

Alison L. Wood, Investigator
Williams Investigative Services
Conducted initial investigation of fall at Roland Hall.

Ms. Victoria Worrell, Contract Specialist
Facilities Design & Construction Center Atlantic
5505 Robin Hood Road, Norfolk, VA  23513-2431

Brief Description of Testimony - Coast Guard employee responsible
for the issuance of the contract between the United States Coast
Guard and Maron Construction for the renovation of Roland Hall.
Responsible for contract compliance.

Mr. Wayne C. Webster, Project Manager for Roland Hall
renovation. Facilities Design & Construction Center Atlantic
Norfolk, Virginia

Brief Description of Testimony - Coast Guard employee responsible
for the issuance of the contract between the United States Coast
Guard and Maron Construction for the renovation of Roland Hall.
Responsible for contract compliance.

Wanda Coresini, U.S. Coast Guard Academy
Norfolk, Virginia

Brief Description of Testimony - Coast Guard employee responsible
for the issuance of the contract between the United States Coast
Guard and Maron Construction for the renovation of Roland Hall.
Responsible for contract compliance.
James Gerou
Einhorn, Yaffee, Prescott Architecture & Engineering
P.O. Box 617, Albany, NY  12201

Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the
Roland Hall renovation project.

Peter Gravel

45 Hyvue Drive, Newburgh, NY  12550

Brief Description of Testimony - Einhorn, Yaffee, Prescott
employee responsible for the architecture and engineering of the
Roland Hall renovation project.


 12.  As Safety Officer, he failed to provide sufficient ladders

for entrance and exit into the cell area with safe coverings,

when he knew, or in the exercise of reasonable care, should have

known that the employees were utilizing the various openings to

the cell area for purposes of their work;

 Specification of Supporting Evidence - The plaintiffs will rely

on the following evidence (see attached Exhibit Numbers) to

support this proposed finding of fact:


1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  *11/07/02 - Joseph Strychasz - Rhode Island*

11.  *11/08/02 - Lee Archibald - USCG, New London*

12.  *11/13/02 - Wanda Coresini - Norfolk, Virginia*

13.  *11/13/02 - Walter Stampfl - Norfolk, Virginia*

14.  *11/20/02 - Dr. Jonathan Bolton - His office, RI*

15.  *11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

16.  *11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

17.  *07/17/03 - Dean Koutsoubis - Milano's office*

18.  *08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office*

19.  *08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

**neering Diagrams**:

20.  *Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

21.  *Midland Fire Protection as built drawings, 8 sheets.*

22   *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

23.  *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

24.  *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25. *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26. *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27. *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28. *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Contracts:**

29. *Contract Amendment/Modification dated August 7, 1996.*

30. *Three large blueprints of Roland Hall Renovations.*

31. *List of Subcontractors for Roland Hall renovation project.*

32. *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

33. *90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34. *20 pages of Roland Hall accident site photographs.*

*October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.*

*May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.*

*May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.*

*Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*Job Site Weekly Safety Meetings reports.*

**s:**

*Deposition of Steven Shotteck - October 22, 1999*

*Deposition of Eric Stemmler - December 13, 1999*

*Deposition of Ronald Foster - April 4, 2000*

**:**

*Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

*Thomas J. Maron, President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction*

*Company, general contractor for the renovation project at Roland Hall - fact witness.*

*Jane M. Mardo, Vice President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David B. Munroe, Midland Fire Protection Company*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire*
*tor for the renovation project at Roland Hall - fact witness.*

*Donna Munroe*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Jack DeMers, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Robert Fontaine, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Ronald DeFrancesco, Superintendent*
*Maron Construction Company*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Walter Stampfl, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Lee Archibald, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Greg Carabine, Assistant Facilities Engineer,*
*Coast Guard Academy, New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Ronald Foster*
*52 Maple Street, Attleboro Falls, MA*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Steven Shotteck*
*61 Pine Street, Seekonk, MA  02771*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

Randall Draughn
He has been assigned to work for Midland on a project in North
Carolina.  He lives at 5A Severna Court, Durham, NC  27704

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Joseph Strychasz
165 Memorial Drive, Pawtucket, RI  02861
Plaintiff.

Sandra Colicci
2218 Putnam Pike, Chepachet, RI
Plaintiff.

Joshua Strychasz
2218 Putnam Pike, Chepachet, RI
Son of plaintiffs.


Alison L. Wood, Investigator
Williams Investigative Services
Conducted initial investigation of fall at Roland Hall.

Ms. Victoria Worrell, Contract Specialist
Facilities Design & Construction Center Atlantic
5505 Robin Hood Road, Norfolk, VA  23513-2431

Brief Description of Testimony - Coast Guard employee responsible
for the issuance of the contract between the United States Coast
Guard and Maron Construction for the renovation of Roland Hall.
Responsible for contract compliance.

Mr. Wayne C. Webster, Project Manager for Roland Hall
renovation, Facilities Design & Construction Center Atlantic


Brief Description of Testimony - Coast Guard employee responsible
for the issuance of the contract between the United States Coast
Guard and Maron Construction for the renovation of Roland Hall.

*Responsible for contract compliance.*

*Wanda Coresini, U.S. Coast Guard Academy*
*Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*James Gerou*
*Einhorn, Yaffee, Prescott Architecture & Engineering*
*P.O. Box 617, Albany, NY  12201*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*Peter Gravel*
*45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*13.  As Safety Officer, he failed to conduct weekly meetings with all employees on the job site to further educate them on the need for safety, as required under Maron's contract with U.S.C.G.;*

*Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to*

support this proposed finding of fact:


1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island
10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  11/20/02 - Dr. Jonathan Bolton - His office, RI

15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office

*neering Diagrams*:

20.  *Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

21.  *Midland Fire Protection as built drawings, 8 sheets.*

22  *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

23.  *Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

24.  *Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

25.  *Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

26.  *Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

27.  *Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

28.  *Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

*Contracts*:

29.  *Contract Amendment/Modification dated August 7, 1996.*

30.  *Three large blueprints of Roland Hall Renovations.*

31.  *List of Subcontractors for Roland Hall renovation project.*

32.  *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

33.  90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.

34.  20 pages of Roland Hall accident site photographs.

October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

Job Site Weekly Safety Meetings reports.

s:

Deposition of Steven Shotteck - October 22, 1999

Deposition of Eric Stemmler - December 13, 1999

Deposition of Ronald Foster - April 4, 2000

:

Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

Thomas J. Maron, President
Maron Construction Company, Inc.

*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David Maron*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*Jane M. Mardo, Vice President*
*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*David B. Munroe, Midland Fire Protection Company*
*6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Donna Munroe*
*6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Jack DeMers, Midland Fire Protection*
*6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

Robert Fontaine, Midland Fire Protection
6 Grandview Street, Coventry, RI   02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Ronald DeFrancesco, Superintendent
Maron Construction Company
180 Mancini Drive, Providence, RI   02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

C.W.O. Eric Stemmler, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Walter Stampfl, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Lee Archibald, U.S. Coast Guard Academy
New London, Connecticut

Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.

Greg Carabine, Assistant Facilities Engineer,
Coast Guard Academy, New London, Connecticut

*Brief Description of Testimony - U.S. Coast Guard employee
assigned to the Roland Hall rehabilitation project.*

*Ronald Foster
52 Maple Street, Attleboro Falls, MA*

*Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.*

*Steven Shotteck
61 Pine Street, Seekonk, MA   02771*

*Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.*

*Randall Draughn
He has been assigned to work for Midland on a project in North
Carolina.  He lives at 5A Severna Court, Durham, NC   27704*

*Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.*

*Joseph Strychasz
165 Memorial Drive, Pawtucket, RI   02861
Plaintiff.*

*Sandra Colicci
2218 Putnam Pike, Chepachet, RI
Plaintiff.*

*Joshua Strychasz
2218 Putnam Pike, Chepachet, RI
Son of plaintiffs.*

*Alison L. Wood, Investigator
Williams Investigative Services
Conducted initial investigation of fall at Roland Hall.*

*Ms. Victoria Worrell, Contract Specialist*
*Facilities Design & Construction Center Atlantic*
*5505 Robin Hood Road, Norfolk, VA  23513-2431*

*Brief Description of Testimony - Coast Guard employee responsible*
*for the issuance of the contract between the United States Coast*
*Guard and Maron Construction for the renovation of Roland Hall.*
*Responsible for contract compliance.*

*Mr. Wayne C. Webster, Project Manager for Roland Hall renovation*
*Facilities Design & Construction Center Atlantic*
*Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible*
*for the issuance of the contract between the United States Coast*
*Guard and Maron Construction for the renovation of Roland Hall.*
*Responsible for contract compliance.*

*Wanda Coresini, U.S. Coast Guard Academy*
*Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible*
*for the issuance of the contract between the United States Coast*
*Guard and Maron Construction for the renovation of Roland Hall.*
*Responsible for contract compliance.*

*James Gerou*
*Einhorn, Yaffee, Prescott Architecture & Engineering*
*P.O. Box 617, Albany, NY  12201*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott*
*employee responsible for the architecture and engineering of the*
*Roland Hall renovation project.*

*Peter Gravel*
*45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott*
*employee responsible for the architecture and engineering of the*
*Roland Hall renovation project.*

14.  As Safety Officer, he failed to hold a Job Start Safety
Conference with each new trade contractor employee coming onto
the job site, as required under the agreement with U.S.C.G.;

 Specification of Supporting Evidence - The plaintiffs will rely
on the following evidence (see attached Exhibit Numbers) to
support this proposed finding of fact:


1.   09/20/02 - Ronald DeFrancesco - Boyce's office

2.   09/20/02 - Thomas Maron - Boyce's office

3.   10/07/02 - Gary Crakes, Ph.D. - Here

4.   10/22/02 - Peter Gravel - Kaisen's office

5.   10/23/02 - James Gerou - Kaisen's office

6.   10/29/02 - Dr. Trafton - Rhode Island

7.   10/30/02 - Dr. DiGiovanni - Rhode Island

8.   11/06/02 - David Munroe - Atty. Somers' office

9.   11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  11/20/02 - Dr. Jonathan Bolton - His office, RI
15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office

19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office

### *Architectural and Engineering Diagrams*:

20.  Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21.  Midland Fire Protection as built drawings, 8 sheets.

22   Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

### *Contracts*:

24.  Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.

25.  Solicitation Offer and Award to Maron Construction

Company August 7, 1996.

26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

**_Roland Hall Renovation Contracts_**:

29.  Contract Amendment/Modification dated August 7, 1996.

30.  Three large blueprints of Roland Hall Renovations.

31.  List of Subcontractors for Roland Hall renovation project.

32.  Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**_Photographs/Video_**:

33.  90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.

34.  20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_**:

101. October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102. May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103. May 12, 1997 Daily Construction Report executed by

*Ronald DeFrancesco.*

*104. Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.*

*105.    Job Site Weekly Safety Meetings reports.*

**<u>State Court Depositions</u>**:

*108. Deposition of Steven Shotteck - October 22, 1999*

*109. Deposition of Eric Stemmler - December 13, 1999*

*110. Deposition of Ronald Foster - April 4, 2000*

**<u>Request for Admissions</u>**:

*111. Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003*

**List of Proposed Witnesses to Support Proposed Finding of Fact:**

*1.    Thomas J. Maron, President*
    *Maron Construction Company, Inc.*
    *180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*2.    David Maron*
    *Maron Construction Company, Inc.*
    *180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*3.    Jane M. Mardo, Vice President*

*Maron Construction Company, Inc.*
*180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.   *David B. Munroe, Midland Fire Protection Company*
     *6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.   *Donna Munroe*
     *6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.   *Jack DeMers, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7.   *Robert Fontaine, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI   02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8.   *Ronald DeFrancesco, Superintendent*
     *Maron Construction Company*
     *180 Mancini Drive, Providence, RI   02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

9.   *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*
10.  *Walter Stampfl, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

11.  *Lee Archibald, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

12.  *Greg Carabine, Assistant Facilities Engineer,*
     *Coast Guard Academy, New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee*
*assigned to the Roland Hall rehabilitation project.*

13.  *Ronald Foster*
     *52 Maple Street, Attleboro Falls, MA*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

14.  *Steven Shotteck*
     *61 Pine Street, Seekonk, MA  02771*

     *Brief Description of Testimony - Employee of Midland Fire*
*Protection, subcontractor for the renovation project at Roland*
*Hall - fact witness.*

15.  *Randall Draughn*
     *He has been assigned to work for Midland on a project in*
*North Carolina.  He lives 5A Severna Court, Durham, NC  27704*

*Brief Description of Testimony* - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.


16.  Joseph Strychasz
     165 Memorial Drive, Pawtucket, RI  02861
     Plaintiff.

17.  Sandra Colicci
     2218 Putnam Pike, Chepachet, RI
     Plaintiff.

18.  Joshua Strychasz
     2218 Putnam Pike, Chepachet, RI
     Son of plaintiffs.

19.  Alison L. Wood, Investigator
     Williams Investigative Services
     Conducted initial investigation of fall at Roland Hall.

20.  Ms. Victoria Worrell, Contract Specialist
     Facilities Design & Construction Center Atlantic
     5505 Robin Hood Road, Norfolk, VA  23513-2431

*Brief Description of Testimony* - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

21.  Mr. Wayne C. Webster, Project Manager for Roland Hall
renovation Facilities Design & Construction Center Atlantic
Norfolk, Virginia

*Brief Description of Testimony* - Coast Guard employee
responsible for the issuance of the contract between the United
States Coast Guard and Maron Construction for the renovation of
Roland Hall.  Responsible for contract compliance.

22.  Wanda Coresini, U.S. Coast Guard Academy
     Norfolk, Virginia

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

23. *James Gerou*
   *Einhorn, Yaffee, Prescott Architecture & Engineering*
   *P.O. Box 617, Albany, NY 12201*

   *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

24. *Peter Gravel*
   *45 Hyvue Drive, Newburgh, NY 12550*

   *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

   *15. As Safety Officer, he failed to conduct orientation with new employees coming onto the job site relating to hazards that may be expected during the work; with the safety equipment that must be used; and, work practices to minimize the possibility of an accident, including lifts, falls, fire and housekeeping, as required under the agreement with U.S.C.G.*

   *Specification of Supporting Evidence - The plaintiffs will rely on the following evidence (see attached Exhibit Numbers) to support this proposed finding of fact:*

***Depositions***:

*1.   09/20/02 - Ronald DeFrancesco - Boyce's office*

*2.   09/20/02 - Thomas Maron - Boyce's office*

*3.   10/07/02 - Gary Crakes, Ph.D. - Here*

*4.   10/22/02 - Peter Gravel - Kaisen's office*

*5.   10/23/02 - James Gerou - Kaisen's office*

*6.   10/29/02 - Dr. Trafton - Rhode Island*

*7.   10/30/02 - Dr. DiGiovanni - Rhode Island*

*8.   11/06/02 - David Munroe - Atty. Somers' office*

*9.   11/07/02 - Sandra Strychasz - Rhode Island*

*10.  11/07/02 - Joseph Strychasz - Rhode Island*

*11.  11/08/02 - Lee Archibald - USCG, New London*

*12.  11/13/02 - Wanda Coresini - Norfolk, Virginia*

*13.  11/13/02 - Walter Stampfl - Norfolk, Virginia*

*14.  11/20/02 - Dr. Jonathan Bolton - His office, RI*

*15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island*

*16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island*

*17.  07/17/03 - Dean Koutsoubis - Milano's office*

*18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's office*

*19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

**_Architectural and Engineering Diagrams_**:

20. Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.

21. Midland Fire Protection as built drawings, 8 sheets.

22 Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).

23. Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).

**_Contracts_**:

24. Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.

25. Solicitation Offer and Award to Maron Construction Company August 7, 1996.

26. Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.

27. Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).

28. Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.

**_Roland Hall Renovation Contracts_**:

29. Contract Amendment/Modification dated August 7, 1996.

30. Three large blueprints of Roland Hall Renovations.

31. List of Subcontractors for Roland Hall renovation project.

32. Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.

**_Photographs/Video_**:

33.  90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.

34.  20 pages of Roland Hall accident site photographs.

**_Investigatory Reports_**:

101. October 11, 1996 Safety Plan from David Maron to the Coast Guard Contracting Division designating Ronald DeFrancesco as Safety Officer.

102. May 12, 1997 2-page letter from Thomas Maron to Midland Fire Protection.

103. May 12, 1997 Daily Construction Report executed by Ronald DeFrancesco.

104. Investigatory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with attachments, 15 pages.

105.     Job Site Weekly Safety Meetings reports.

**_State Court Depositions_**:

108. Deposition of Steven Shotteck - October 22, 1999

109. Deposition of Eric Stemmler - December 13, 1999

110. Deposition of Ronald Foster - April 4, 2000

**_Request for Admissions_**:

111. Defendants, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for Admissions dated January 6, 2003

*List of Proposed Witnesses to Support Proposed Finding of Fact:*

1.   *Thomas J. Maron, President*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

2.   *David Maron*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

3.   *Jane M. Mardo, Vice President*
     *Maron Construction Company, Inc.*
     *180 Mancini Drive, Providence, RI  02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

4.   *David B. Munroe, Midland Fire Protection Company*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

5.   *Donna Munroe*
     *6 Grandview Street, Coventry, RI  02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

6.   *Jack DeMers, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI   02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

7.   *Robert Fontaine, Midland Fire Protection*
     *6 Grandview Street, Coventry, RI   02810*

     *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

8.   *Ronald DeFrancesco, Superintendent*
     *Maron Construction Company*
     *180 Mancini Drive, Providence, RI   02909*

     *Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

9.   *C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

10.  *Walter Stampfl, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

11.  *Lee Archibald, U.S. Coast Guard Academy*
     *New London, Connecticut*

     *Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

12.  *Greg Carabine, Assistant Facilities Engineer,*

*Coast Guard Academy, New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

13. *Ronald Foster*
    *52 Maple Street, Attleboro Falls, MA*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

14. *Steven Shotteck*
    *61 Pine Street, Seekonk, MA   02771*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

15. *Randall Draughn*
    *He has been assigned to work for Midland on a project in North Carolina.  He lives at 5A Severna Court, Durham, NC   27704*

    *Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

16. *Joseph Strychasz*
    *165 Memorial Drive, Pawtucket, RI   02861*
    *Plaintiff.*

17. *Sandra Colicci*
    *2218 Putnam Pike, Chepachet, RI*
    *Plaintiff.*

18. *Joshua Strychasz*
    *2218 Putnam Pike, Chepachet, RI*
    *Son of plaintiffs.*

19. *Alison L. Wood, Investigator*
    *Williams Investigative Services*

*Conducted initial investigation of fall at Roland Hall.*

20.  *Ms. Victoria Worrell, Contract Specialist*
     *Facilities Design & Construction Center Atlantic*
     *5505 Robin Hood Road, Norfolk, VA  23513-2431*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

21.  *Mr. Wayne C. Webster, Project Manager for Roland Hall renovation, Facilities Design & Construction Center Atlantic*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

22.  *Wanda Coresini, U.S. Coast Guard Academy*
     *Norfolk, Virginia*

     *Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall.  Responsible for contract compliance.*

23.  *James Gerou*
     *Einhorn, Yaffee, Prescott Architecture & Engineering*
     *P.O. Box 617, Albany, NY  12201*

     *Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

24.  *Peter Gravel*
     *45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony* - *Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

**DEFENDANT'S §C2 RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF FACTS:**

The proposed finding of liability facts numbered as 1 through 15 in plaintiffs' §A2 response are irrelevant inasmuch as the defendants did not have prior actual or constructive knowledge or notice of the inadequacy of the transite panel to support the weight of a worker and his equipment upon a metal and plastic folding chair with its legs near the middle of the panel. (See defendants' Response to Trial Preparation Order §B1-3, §B2-1 and §B2-2 for further detail.) Accordingly, this incident was not foreseeable to the defendants. It was further not foreseeable that Joseph Strychasz would use such chair at said location to get in and out of the cell opening, rather than using the ladders that were designated for entrance and egress of the cell area.

Moreover, the proposed finding of liability facts numbered as 1 through 15 in plaintiffs' §A2 response are irrelevant inasmuch as they are predicated upon defendants' purported duties to conduct "safety meetings" or perform functions a "safety officer." These are contractual obligations. Joseph Stychasz was not a contracting party or third party beneficiary to Maron Construction Company's contract with the United States Coast Guard. Whether defendants performed those contractual obligations, including those "as Safety Officer" or relating to contractor "safety meetings," did not create duties running from the defendants to the plaintiff, Joseph Strychasz. (See the defendants Response to Trial Preparation Order, §B3-1 and §B3-2 for further detail.)

Defendants also reserve their right to object for further reasons at trial to the testimony of witnesses and the documents, pleadings and/or tangible physical evidence specified for plaintiffs' proposed finding of liability

facts numbered as 1 through 15 in plaintiffs' §A2 response.
The defendants cannot detail their objections further at
this juncture because the purposes for which the evidence
and testimony listed by plaintiffs are to be offered are
not specified and the extent of said materials and any
redactions to same are not specified.

Should the Court find that this proposed finding of fact is

nonetheless relevant and admissible, the defendants deny

the proposed finding of liability facts numbered as 1

through 15 in plaintiffs' §A2 response.  Countering

evidence, as described in defendants' §C1 response to

plaintiff's Claim of Fact Number 3 above (see pages 6-15 to

this filing), will be offered to the extent that such

information is not brought forth by the plaintiff's counsel

in his case-in-chief or by cross-examination.

## SECTION A3 – CLAIMS OF LAW:

### Definitions of Negligence:

*Paige v. St. Andrew's Roman Catholic Church Corp.*, 247 Conn. 24 (1998), reversed, 250 Conn. 14 (1999).  See *Shillo v. Anderson*, 1 Conn. L. Rptr. 30 (1989); *Preston v. Wellspeak*, 62 Conn. App. 77, 81 (2001), *Gomes v. Commercial Union Ins. Co.*, 258 Conn. 603 (2001); *Bonan v. Goldring Home Inspections, Inc.*, 68 Conn. App. 862 (2002).

### Duty:

*Mayer v. Biafore, Florek & O'Neal*, 45 Conn. App. 554 (1997), 245 Conn. 88 (1988); *Lombard v. Peters*, 252 Conn. 623 (2000), *Soares v. Tomasso*, 66 Conn. App. 466 (2001).

*Attardo v. Ambriscoe*, 147 Conn. 708; *Noebel v. Housing Authority*, 146 Conn. 197, 201; *American National Fire Ins. Co. v. Schuss*, 221 Conn. 768 (1992); *Craig v. Driscoll*, 262 Conn. 312 (2003).

*Purzycki v. Fairfield*, 244 Conn. 101 (1998); *Burns v. Board of Education*, 30 Conn. 594 (1993).

### Standard of Care:

*Jaworski v. Kiernan,* 241 Conn. 399 (1997); *Amendola v. Geremia,* 21 Conn. App. 35 (1990); *McDonald v. Connecticut Company,* 151 Conn. 14.

<u>Causation</u>:

*Hall v. Winfrey,* 27 Conn. App. 154, 158 (1992); *Coste v. Riverside,* 24 Conn. App. 109 (1991); *Beach v. Jean,* 46 Conn. Supp. 252 (1999); *Poulin v. Yasner,* 64 Conn. App. 703 (2001). See also, *Prosser & Keeton, Torts* (5th Ed.)

<u>Negligence Per Se</u>:

See *Wendland v. Ridgefield Construction Services, Inc.,* 184 Conn. 173, 178 (1981); *Wagner v. Clark Equipment Corp.,* 243 Conn. 168 (1997), 259 Conn. 114 (2002).

<u>Res Ipsa Loquitur</u>:

*Masterson v. Kleban Corp.,* 4 CSCR 607 (1989); *Giles v. New Haven,* 30 Conn. App. 148 (1993), 228 Conn. 442 (1994); *Baretta v. Otis Elevator Co.,* 242 Conn. 169 (1997); *Pineau v. Home Depot, Inc.,* 45 Conn. App. 248; *Toomey v. Danaher,* 161 Conn. 204 (1971); *Conlon v. G. Fox & Co.,* 165 Conn. 106 (1973); *Briganti v. Connecticut Companies,* 119 Conn. 316; *Lowman v. Housing Authority,* 150 Conn. 665; *Rosenblum v. Deerfield Woods Condominium Assoc., Inc.,* 4 Conn. L. Rptr. 437 (1991); *Queen v.*

*Gagliola,* 162 Conn. 164, 170 (1972); *Jump v. Ensign-Bickford Co.,* 117 Conn. 110.

*Duty Owed to a Business Invitee:*

*Restatement of the Law of Torts,* Sec. 332.; See *Laube v. Stevenson,* 137 Conn. 469, 473 (1951); *Kolaniak v. Board of Education,* 28 Conn. App. 277 (1992); *Restatement (Second), 2 Torts,* Sec. 332; *Holt v. People's Bank,* 62 Conn. App. 561 (2001); *Morin v. Bellcourt Condominium Assoc.,* 223 Conn. 323 (1992); *Martin v. Stop & Shop Supermarket Companies,* 70 Conn. App. 250 (2002); *Sokolowski v. Medi-Mart, Inc.,* 24 Conn. App. 276 (1991); *Kurti v. Becker,* 54 Conn. App. 335 (1999); *Lemonious v. Burns,* 23 Conn. App. 735 (1990); *Curran v. McCall,* 4 Conn. App. 531 (1985); *Tarzia v. Great Atlantic & Pacific Tea Co.,* 52 Conn. App. 136 (1999), *appeal dismissed,* 254 Conn. 786 (2000); *Romenici v. Trumbull Electric Manufacturing Co.,* 145 Conn. 691; *Bifield v. Bruner-Ritter, Inc.,* 144 Conn. 747.

*Proximate Cause:*

*Wright, Connecticut Law of Torts* (2nd), Section 33; *Monroe v. Hartford St. Ry, Co.,* 76 Conn. 201 (1903); *Lombardi v.*

*Wallad,* 98 Conn. 510 (1923); *Mahaney v. Beatman,* 110 Conn. 184 (1929); *Santini v. Levin,* 110 Conn. 248 (1929); *Corey v. Phillips,* 126 Conn. 246 (1939); *Maurison v. Hansen,* 128 Conn. 62 (1941); *State v. Avcollie,* 178 Conn. 450 (1979).

**DEFENDANTS' §C3 RESPONSE TO PLAINTIFFS' CLAIMS OF LAW:**

Inasmuch as plaintiffs' §A3 response to the Trial Preparation Order merely indexes broad topics of law, the defendants are unable to agree or disagree with the plaintiffs' purported claims of law in their present form except to disagree with any claims as to negligence per se or res ipsa loquitur. The plaintiffs have not pled or developed any evidence regarding claims of negligence per se or res ipsa loquitur. Accordingly, claims of law of negligence per se or res ipsa loquitur shall not apply during trial of this action.

## SECTION A4 - PROPOSED LIST OF EXHIBITS

The plaintiff has compiled an extensive list of exhibits and reserves the right to amend this exhibit list as additional exhibits become available.

1.  09/20/02 - Ronald DeFrancesco - Boyce's office

2.  09/20/02 - Thomas Maron - Boyce's office

3.  10/07/02 - Gary Crakes, Ph.D. - Here

4.  10/22/02 - Peter Gravel - Kaisen's office

5.  10/23/02 - James Gerou - Kaisen's office

6.  10/29/02 - Dr. Trafton - Rhode Island

7.  10/30/02 - Dr. DiGiovanni - Rhode Island

8.  11/06/02 - David Munroe - Atty. Somers' office

9.  11/07/02 - Sandra Strychasz - Rhode Island

10.  11/07/02 - Joseph Strychasz - Rhode Island

11.  11/08/02 - Lee Archibald - USCG, New London

12.  11/13/02 - Wanda Coresini - Norfolk, Virginia

13.  11/13/02 - Walter Stampfl - Norfolk, Virginia

14.  11/20/02 - Dr. Jonathan Bolton - His office, RI

15.  11/25/02 - Dr. DiGiovanni Continued Depo - Rhode Island

16.  11/25/02 - Dr. Trafton Continued Depo - Rhode Island

17.  07/17/03 - Dean Koutsoubis - Milano's office

18.  08/13/03 - Ronald DeFrancesco Continued Depo - Kaisen's

*office.*

*19.  08/13/03 - Thomas Maron Continued Depo - Kaisen's office*

**neering Diagrams:**

*20.  Two volume set of architectural and engineering drawings for the Roland Hall renovation project prepared by Einhorn, Yaffee Prescott Engineers.*

*21.  Midland Fire Protection as built drawings, 8 sheets.*

*22  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 1 of 2**).*

*23.  Specifications for Roland Hall renovations prepared by Einhorn, Yaffee Prescott on July 30, 1996 (**Volume 2 of 2**).*

*24.  Contract between the U.S. Coast Guard and Einhorn, Yaffee, Prescott dated April 29, 1996.*

*25.  Solicitation Offer and Award to Maron Construction Company August 7, 1996.*

*26.  Subcontract Agreement between Maron Construction and Midland Fire Protection executed November 4, 1996.*

*27.  Amendment of Solicitation/Modification of Contract dated April 14, 1997 (asbestos abatement).*

*28.  Contract Modification executed by Maron Construction dated June 17, 1997 with attachments, 10 pages.*

**Contracts:**

*29.  Contract Amendment/Modification dated August 7, 1996.*

30. *Three large blueprints of Roland Hall Renovations.*

31. *List of Subcontractors for Roland Hall renovation project.*

32. *Two large blueprints of Einhorn, Yaffee, Prescott Architectural, pages 30 and 31.*

33. *90 photographs of various locations inside and outside of the Roland Hall Gymnasium taken by Dean Koutsoubis on November 15, 2002 - currently in possession of the defendants.*

34. *20 pages of Roland Hall accident site photographs.*

35. *Videotape of a day in the life of Joseph Strychasz.*

36. *Four post accident photos of Joseph Strychasz at home.*

37. *Economist Report of Dr. Gary Crakes, Ph.D.*

*s:*

**Dr. Peter Trafton**

38. *May 12, 1997 through November 22, 1999 Progress Reports, 26 pages.*

39. *May 23, 1997 Rhode Island Hospital Operating Record, 3-page Operating Report.*

40. *May 29, 1997 2-page Rhode Island Hospital Discharge Summary.*

41. *October 24, 1997 letter from Mitchell Greenberg at Foot Tek re: foot inserts.*

42. *December 29, 1997 letter from Sheila Kane, Nurse*

*Consultant, Beacon Mutual Insurance regarding heel padding and referral to Joseph Infantolino for footwear adjustment.*

*43.  January 28, 1998, 2-page letter to Attorney Albert Lepore, Jr. regarding status of Joseph Strychasz.*

*44.  20-page Case Management Summary and report of February 18, 1999 from the State of Rhode Island, Donley Rehabilitation & Education Center.*

*45.  June 28, 1999 inquiry to Dr. Trafton from Albert Lepore, Jr. regarding Mr. Strychasz' limp and Dr. Trafton's response of July 19, 1999 indicating the limp is permanent.*

*46.  July 26, 1999 2-page inquiry from Attorney Vivian B. Dogan regarding status of Joseph Strychasz and August 4, 1999 2-page response from Dr. Trafton regarding status inquiry.*

*46.  November 29, 1999 Referral by Dr. Trafton to Christopher DiGiovanni.*

*47.  November 30, 1999 correspondence to Joseph Strychasz referring him to Dr. DiGiovanni for evaluation on Monday, December 13, 1999.*

*48.  January 6, 2000 letter to Dr. DiGiovanni regarding DiGiovanni's December 13, 1999  evaluation.*

*49.  13-pages of office visit intake forms prepared by Joseph Strychasz.*

*50.  University Orthopedics super bills.*

*51.  Phone message log, 10 pages.*

*52.  Prescription log, 54 pages.*
*53.  Curriculum Vitae of Dr. Peter Trafton, 37 pages.*

***Lawrence and Memorial Hospital***

*54.  Hospital records, May 12, 1997 through May 15, 1997.*

**Rhode Island Hospital**

55.  May 21, 1997 through May 29, 1997 Admission through Discharge records.

**Dr. Christopher W. DiGiovanni**

56.  December 13, 1999 2-page Patient Initial Intake Form of Joseph Strychasz.

57.  December 13, 1999 Initial Evaluation by Dr. DiGiovanni, 4 pages.

58.  Evaluation and Progress Notes:  December 13, 1999; February 25, 2000; April 7, 2000; May 12, 2000; June 9, 2000; July 28, 2000; January 24, 2001; February 9, 2001; August 8, 2001; January 16, 2002; February 1, 2002; March 29, 2002.

59.  Rhode Island Hospital Operating Record, March 28, 2000, left subtalar fusion; Achilles tendon lengthening; removal of hardware left heel, 9 pages.

60.  Rhode Island Hospital Operating Record, January 29, 2001, removal of hardware right heel, 8 pages.

61.  Rhode Island Hospital Operating Record, removal of hardware right heel, January 21, 2002, 13 pages.

62.  February 9, 2002 Office Visit Notes - post heel hardware removal.

63.  March 6, 2002 final permanency report of Dr. DiGiovanni, 2 pages.

64.  Curriculum Vitae of Dr. Christopher William DiGiovanni, 6 pages.

**Dr. Michael Hulstyn**

65.  Rhode Island Hospital Operating Record for right knee lateral meniscal tear repair of October 21, 1998 and office

notes of August 7, 1998 through December 11, 1998, 7 pages.

### Dr. Arnold-Peter C. Weiss

66.  Evaluation, treatment and operating records of Dr. Weiss for left wrist arthroscopic surgery of March 30, 1998 of Joseph Strychasz.  Records include evaluation of March 10, 1998; Operating Record of March 30, 1998; Post Surgical Evaluation through September 1, 1998 where Dr. Weiss recommends a second surgery for

n.  This surgery was completed on September 28, 1998 at Rhode Island Hospital using a bone graft and pin placement for scapholunate ligament reconstruction.  Treatment reports of September 29, 1998, October 7, 1998 and November 5, 1998.  Records include the Operative Report of November 11, 1998 where Mr. Strychasz had the retaining pins in his left wrist removed.  The records also include the diagnostic imaging performed on November 18, 1998 of his left wrist and office notes and records of November 18, 1998, December 15, 1998 and February 9, 1999, 17 pages.

### Dr. Louis V. Sorrentino

67.  Treatment records of December 20, 1997 through November 2, 1999.

### Dr. Jonathan Bolton

68.  Assessment and Treatment Notes.

### Pain Management Treatment-Dr. Frederic Friedman

69.  June 15, 1999 through February 3, 2000.

### Donley Rehabilitation & Education Center

70.  Case Management Summary of April 10, 1998; rehabilitation notes of January 16,1998 through March 11, 1998; Referral, Physical Therapy Evaluation and

September 8, 1997 through December 30, 1997.

tes September 9, 1997 through February 18, 1999.

### Diagnostic Imaging

*72.  May 17, 1999 Final Report of diagnostic x-rays, 2 pages.*

*73.  May 21, 1997, 4 pages.*

*74.  May 22, 1997.*

*75.  May 23, 1997.*

*76.  July 10, 1997, 3 pages.*

*77.  September 8, 1997.*

*78.  October 15, 1997.*

*79.  November 20, 1997.*

*80.  September 16, 1998.*

### Visiting Nurse Association

*81.  Records, 15 pages.*

### University Orthopedics-Hand Therapy

*82.  May 7, 1998 through January 19, 1999.*

### University Orthopedics-Physical Therapy

*83.  November 2, 1998 through December 23, 1998.*

**tment History:**

**University Orthopedics**
**2 Dudley Street, 2nd Floor, Providence, RI   02905**
**(includes Drs. Trafton, Weiss, Nelson, Hulstyn, Legeyt,**
**and DiGiovanni and physical therapy)**

*Lawrence & Memorial Hospital  $  7,011.51*
*P.O. Box 1471, New London, CT   06320*
*Treatment: 5/12/97 - 5/15/97*

*ates of New London  $ 682.00*
*P.O Box 390, New London, CT  06320*
*Treatment: 5/12/97*

*Rhode Island Hospital - 2 Dudley Street        $ 9,106.87*
*Treatment - **1997**: 5/21, 7/10, 9/8, 10/15, 11/20; **1998**: 2/19,*
*3/30, 9/14, 9/16, 9/28, 10/7, 10/15, 10/21, 11/18, 12/15*

*Dr. Peter G. Trafton          11,240.00*
*Department of Orthopaedic Surgery, Medical Center Office*
*2 Dudley Street, Suite 200, Providence, RI  02905*
*Treatment - **1997**: 5/21, 6/20, 6/26, 7/10, 8/5, 8/7, 9/5, 9/8,*
*10/15, 11/20, 12/10; **1998**: 1/5, 2/19, 3/6, 3/12, 4/20, 4/23,*
*5/19, 5/28, 6/30, 7/21, 8/14, 9/3, 9/18, 11/16; **1999**: 2/9, 2/16,*
*5/17; 11/22*

*Dr. Louis V. Sorrentino (psychiatrist) 2,610.00*
*64 Pitman Street, Providence, RI  02906*
*Treatment: 12/97 - 11/2/99*

*Dr. Arnold-Peter C. Weiss        9,439.00*
*University Orthopaedics, Medical Office Center*
*2 Dudley Street, Suite 200, Providence, RI  02905*
*Treatment - **1998**: 3/10, 3/30, 4/3, 5/7, 5/14, 6/18, 7/1, 7/16,*
*8/17, 9/1, 9/22, 9/28, 9/29, 11/5, 11/9, 11/11, 12/15; 2/9/99*

*New England Sports Therapy & Fitness    1,575.00*
*Oak Hill Place, 407 East Ave., Pawtucket, RI  02860*
*Treatment - **1998**: 3/16, 3/18, 3/20, 3/23, 3/25, 3/27, 4/1,*
*4/3, 4/6, 4/10, 4/13, 4/15, 4/17, 4/20, 4/22, 4/24, 6/6*
*Dr. Andrew J. Nelson          250.00*
*University Orthopedics, Medical Office Center*
*2 Dudley Street, Providence, RI  02905*
*Treatment: 4/8/98*

*Therapists Feinberg & Snelgrove    701.00*
*Occupational Therapy*
*University Orthopedics, Providence, RI  02905*
*Treatment - **1998**: 5/7, 6/23, 6/25, 7/1, 1/16, 7/21, 7/30*

*Dr. Michael J. Hulstyn          2,841.00*

*University Orthopaedics, Medical Center Office*
*2 Dudley Street, 2nd Floor, Providence, RI  02905*
*Treatment - **1998**: 8/7, 10/9, 10/15, 10/21, 10/30, 11/16,*
*11/19, 12/11; **1999**: 5/10; 7-8-99*

*Dr. Michael T. LeGeyt          160.00*
*University Orthopedics, Medical Office Center*
*2 Dudley Street, Providence, RI  02905*
*Treatment: 10/7/98, 11/18/98*

*Therapists Maher and Gannon    1,688.00*
*University Orthopedics, Providence, RI  02905*
*Treatment - **1998**: 11/2, 11/5, 11/11, 11/13, 11/18, 11/20, 11/23,*
*11/25, 11/30, 12/2, 12/7, 12/11, 12/16, 12/18, 12/21, 12/23*

*Dr. Jonathan Bolton*
*469 Angel Street, Providence, RI  02906*
*Treatment: 1/00 through 10/23/02*

*Therapist Cooper, OT and PT     476.00*
*University Orthopedics, Providence, RI  02905*

*Dr. John E. Donley Rehabilitation Center*
*No Charge*
*249 Blackstone Boulevard, Providence, RI  02906-5899*

*Dr. Christopher W. DiGiovanni   10,436.00*
*University Orthopedics*
*1287 North Main Street, Providence, RI  02904*

*Brooks Maxi Drugs         254.24*
*220 Newport Avenue, E. Providence, RI*
*Prescriptions 7-8-98 through 10-28-99*

*$**58,470.62***

, 1996 Safety Plan from David Maron to the Coast Guard Contracting
          Division designating Ronald DeFrancesco as Safety Officer.

97 2-page letter from Thomas Maron to Midland Fire Protection.

97 Daily Construction Report executed by Ronald DeFrancesco.

ory report of Chief Warrant Officer Eric Stemmler dated May 28, 1997 with
          attachments, 15 pages.

eekly Safety Meetings reports.


gh 1999 Income Tax Returns.

:

ettlement Agreement dated September 1, 2000.

**s**:

 of Steven Shotteck - October 22, 1999

 of Eric Stemmler - December 13, 1999

 of Ronald Foster - April 4, 2000

:

, Maron Construction, Inc. & Ronald DeFrancesco's response to Request for
          Admissions dated January 6, 2003

**E TO PLAINTIFFS" PROPOSED EXHIBITS**

### A.   LIABILITY

Defendants object to plaintiffs proposed liability exhibits

(numbered as exhibits 1-34, 101-105, 108-111 above) as

irrelevant insofar as plaintiffs seek to introduce said exhibits
to prove facts numbered as 1 through 15 in plaintiffs' §A2
response above.  The defendants did not have prior actual or
constructive knowledge or notice of the inadequacy of the
transite panel to support the weight of a worker and his
equipment upon a metal and plastic folding chair with its legs
near the middle of the panel.  (See defendants' Response to Trial
Preparation Order §B1-3, §B2-1 and §B2-2 for further detail.)
Accordingly, this incident was not foreseeable to the
defendants.  It was further not foreseeable that Joseph
Strychasz would use such chair at said location to get in and
out of the cell opening, rather than using the ladders that were
designated for entrance and egress of the cell area.
Moreover, defendants object to plaintiffs proposed liability
exhibits (numbered as exhibits 1-34, 101-105, 108-111 above) as
irrelevant insofar as plaintiffs seek to introduce said exhibits
to prove facts numbered as 1 through 15 in plaintiffs' §A2
response above inasmuch as facts numbered as 1 through 15 in
plaintiffs' §A2 response above are predicated upon defendants'
purported duties to conduct "safety meetings" or perform
functions a "safety officer."  These are contractual obligations.
Joseph Stychasz was not a contracting party or third party

beneficiary to Maron Construction Company's contract with the United States Coast Guard.  Whether defendants performed those contractual obligations, including those "as Safety Officer" or relating to contractor "safety meetings," did not create duties running from the defendants to the plaintiff, Joseph Strychasz. (See the defendants Response to Trial Preparation Order, §B3-1 and §B3-2 for further detail.)

Defendants also reserve their right to object for further reasons at trial to the introduction of plaintiffs proposed liability exhibits (numbered as exhibits 1-34, 101-105, 108-111 above.)  The defendants cannot detail their objections further at this juncture because the purposes for which the evidence and testimony listed by plaintiffs are to be offered are not specified and the extent of said materials and any redactions to same are not specified.

In addition to the above-specified authority on which the aforementioned disagreement is based, countering evidence, as described in defendants' §C1 response to plaintiff's Claim of Fact Number 3 above (see pages 6-15 to this filing), will be offered to the extent that such information is not brought forth by the plaintiff's counsel in his case-in-chief or by cross-examination.

**B.    DAMAGES**

With regard to plaintiffs' proposed exhibits 6, 7, 9, 10, 14, 15
and 16, the defendants would object to the offer of deposition
transcripts of witnesses, unless admissible under the Federal
Rules of Evidence, for impeachment purposes, or are otherwise
qualified under an appropriate exception to the hearsay rules.
With regard to Exhibit 35, a videotape of the plaintiff, and
Exhibit 36 relating to photographs of the plaintiff, the
defendants reserve their right to object to these exhibits on
relevance, prejudicial effects versus probative value, basis, as
well as foundational basis, depending on the offer presented at
trial.

With regard to Exhibit 37, the plaintiffs' economist's report,
this report is inadmissible as hearsay, unless offered for
impeachment purposes or under other exceptions to the hearsay
doctrine.
With regard to Exhibits 38-83, the defendants generally will not
object to the offer of the medical records of the plaintiff,
which will include office notes, medical reports, hospital
records and other contents of the plaintiff's health care

providers' files.  The defendants would reserve their right to object to portions of these records in the event that redaction is necessary and to the extent that the complete record is not offered.

With regard to Exhibits 84-100, relating to the medical bills of the plaintiff, the defendants will generally not object to the offer of such records, provided a proper foundation has been laid for their admission into evidence.  Moreover, the defendants reserve their right to object to the specific documents on the basis that redaction is necessary or on the basis that the billing records are themselves not complete.

With regard to Exhibit 106, relating to the plaintiff's tax returns, the defendants will generally not object to the offer of such records; however, the defendants would reserve their right to object on the grounds that the tax returns are not complete or on other grounds relating to the lack of proper foundation being established.

**LL WITNESSES:**

Thomas J. Maron, President
Maron Construction Company, Inc.
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

David Maron
Maron Construction Company, Inc.
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

Jane M. Mardo, Vice President
Maron Construction Company, Inc.
180 Mancini Drive, Providence, RI  02909

Brief Description of Testimony - Employee of Maron Construction
Company, general contractor for the renovation project at Roland
Hall - fact witness.

David B. Munroe, Midland Fire Protection Company
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Donna Munroe
6 Grandview Street, Coventry, RI  02810

Brief Description of Testimony - Employee of Midland Fire
Protection, subcontractor for the renovation project at Roland
Hall - fact witness.

Jack DeMers, Midland Fire Protection

*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Robert Fontaine, Midland Fire Protection*
*6 Grandview Street, Coventry, RI  02810*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Ronald DeFrancesco, Superintendent*
*Maron Construction Company*
*180 Mancini Drive, Providence, RI  02909*

*Brief Description of Testimony - Employee of Maron Construction Company, general contractor for the renovation project at Roland Hall - fact witness.*

*C.W.O. Eric Stemmler, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Walter Stampfl, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Lee Archibald, U.S. Coast Guard Academy*
*New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Greg Carabine, Assistant Facilities Engineer,*
*Coast Guard Academy, New London, Connecticut*

*Brief Description of Testimony - U.S. Coast Guard employee assigned to the Roland Hall rehabilitation project.*

*Ronald Foster*
*52 Maple Street, Attleboro Falls, MA*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Steven Shotteck*
*61 Pine Street, Seekonk, MA  02771*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Randall Draughn*
*He has been assigned to work for Midland on a project in North Carolina.  He lives     at 5A Severna Court, Durham, NC  27704*

*Brief Description of Testimony - Employee of Midland Fire Protection, subcontractor for the renovation project at Roland Hall - fact witness.*

*Joseph Strychasz*
*165 Memorial Drive, Pawtucket, RI  02861*
*Plaintiff.*

*Sandra Colicci*
*2218 Putnam Pike, Chepachet, RI*
*Plaintiff.*

*Joshua Strychasz*
*2218 Putnam Pike, Chepachet, RI*
*Son of plaintiffs.*


*Alison L. Wood, Investigator*
*Williams Investigative Services*
*Conducted initial investigation of fall at Roland Hall.*

*Ms. Victoria Worrell, Contract Specialist*
*Facilities Design & Construction Center Atlantic*
*5505 Robin Hood Road, Norfolk, VA  23513-2431*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*Mr. Wayne C. Webster, Project Manager for Roland Hall renovation, Facilities Design & Construction Center Atlantic*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*Wanda Coresini, U.S. Coast Guard Academy*
*Norfolk, Virginia*

*Brief Description of Testimony - Coast Guard employee responsible for the issuance of the contract between the United States Coast Guard and Maron Construction for the renovation of Roland Hall. Responsible for contract compliance.*

*James Gerou*
*Einhorn, Yaffee, Prescott Architecture & Engineering*
*P.O. Box 617, Albany, NY  12201*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*Peter Gravel*
*45 Hyvue Drive, Newburgh, NY  12550*

*Brief Description of Testimony - Einhorn, Yaffee, Prescott*

*employee responsible for the architecture and engineering of the Roland Hall renovation project.*

*Dr. Peter Trafton, University Orthopedics*
*P.O. Box 1119, Providence, RI  02901*

*Brief Description of Testimony - Physician associated with University Orthopedics who provided post injury treatment to Joseph Strychasz in Providence Rhode Island.*

*Dr. Christopher DiGiovanni*
*P.O. Box 1119, Providence, RI  02901*

*Brief Description of Testimony - Physician associated with University Orthopedics who provided post injury treatment to Joseph Strychasz in Providence Rhode Island.*

*Dr. Michael Hulstyn*
*P.O. Box 1119, Providence, RI  02901*

*Brief Description of Testimony - Physician associated with University Orthopedics who provided post injury treatment to Joseph Strychasz in Providence Rhode Island.*

*Dr. Arnold-Peter C. Weiss*
*P.O. Box 1119, Providence, RI  02901*

*Brief Description of Testimony - Physician associated with University Orthopedics who provided post injury treatment to Joseph Strychasz in Providence Rhode Island.*

*Dr. Louis Sorrentino*
*64 Pitman 119, Providence, RI  02901*

*Brief Description of Testimony - Psychiatrist treating Joseph Strychasz post accident.*

*Record keeper, Lawrence & Memorial Hospital*
*P.O. Box 1471, New London, CT  06320*

*Brief Description of Testimony - Will establish the treatment and billing in the care of Joseph Strychasz after his fall of May*

*12, 1997.*

*Representative of Anesthesia Associates of New London*
*P.O Box 390, New London, CT   06320*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Representative of Rhode Island Hospital*
*2 Dudley Street, Providence, RI*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Representative of New England Sports Therapy & Fitness*
*Oak Hill Place, 407 East Ave., Pawtucket, RI   02860*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Dr. Andrew J. Nelson*
*University Orthopedics, Medical Office Center*
*2 Dudley Street, Providence, RI   02905*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Representative of Therapists Feinberg & Snelgrove*
*Occupational Therapy*
*University Orthopedics, Providence, RI   02905*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*

*12, 1997.*

*Dr. Michael T. LeGeyt*
*University Orthopedics, Medical Office Center*
*2 Dudley Street, Providence, RI  02905*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Therapists Maher and Gannon*
*University Orthopedics, Providence, RI  02905*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Dr. Jonathan Bolton*
*469 Angel Street, Providence, RI  02906*

*Brief Description of Testimony - Psychiatrist treating Joseph*
*Strychasz post accident.*

*Therapist Cooper, OT and PT*
*University Orthopedics, Providence, RI  02905*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Representative of the Dr. John E. Donley Rehabilitation Center*
*249 Blackstone Boulevard, Providence, RI  02906-5899*

*Brief Description of Testimony - Will establish the treatment and*
*billing in the care of Joseph Strychasz after his fall of May*
*12, 1997.*

*Dr. Gary Crakes, Ph.D.*
*860 Ward Lane, Cheshire, Connecticut  06410*

*Brief Description of Testimony - Dr. Crakes will render an expert*
*opinion, a copy of which has previously been provided to defense*
*counsel, in accordance with his report of August 20, 2002*
*establishing an economic loss of $1,876,794 as a result of the*
*injuries sustained by Joseph Strychasz.*

**E TO PLAINTIFFS' PROPOSED WITNESSES**

**A.    LIABILITY**

There are no experts disclosed by the plaintiff with reference

to liability.

Defendants object to testimony from plaintiffs' proposed by

witnesses (numbered as 1 - 24 above) as irrelevant insofar as

plaintiffs seek to introduce said testimony from said witnesses

to prove facts numbered as 1 through 15 in plaintiffs' §A2

response above.  The defendants did not have prior actual or

constructive knowledge or notice of the inadequacy of the

transite panel to support the weight of a worker and his

equipment upon a metal and plastic folding chair with its legs

near the middle of the panel.  (See defendants' Response to Trial

Preparation Order §B1-3, §B2-1 and §B2-2 for further detail.)

Accordingly, this incident was not foreseeable to the

defendants.  It was further not foreseeable that Joseph

Strychasz would use such chair at said location to get in and

out of the cell opening, rather than using the ladders that were
designated for entrance and egress of the cell area.
Moreover, defendants object to testimony from plaintiffs'
proposed liability witnesses (numbered as 1 - 24 above) as
irrelevant insofar as plaintiffs seek to introduce said
testimony to prove facts numbered as 1 through 15 in plaintiffs'
§A2 response above inasmuch as facts numbered as 1 through 15 in
plaintiffs' §A2 response above are predicated upon defendants'
purported duties to conduct "safety meetings" or perform
functions a "safety officer."  These are contractual obligations.
Joseph Stychasz was not a contracting party or third party
beneficiary to Maron Construction Company's contract with the
United States Coast Guard.  Whether defendants performed those
contractual obligations, including those "as Safety Officer" or
relating to contractor "safety meetings," did not create duties
running from the defendants to the plaintiff, Joseph Strychasz.
(See the defendants Response to Trial Preparation Order, §B3-1
and §B3-2 for further detail.)


Defendants also reserve their right to object for further
reasons at trial to testimony from plaintiffs' proposed liability

witnesses (numbered as 1 - 24 above.)  The defendants cannot

detail their objections further at this juncture because the

purposes for which the testimony of witnesses listed by

plaintiffs is to be offered is not specified.

In addition to the above-specified authority on which the

aforementioned disagreement is based, countering evidence,

including testimony of defendants' witnesses, as described in

defendants' §C1 response to plaintiff's Claim of Fact Number 3

above (see pages 6-15 to this filing), will be offered to the

extent that such information is not brought forth by the

plaintiff's counsel in his case-in-chief or by cross-examination.


**B.    DAMAGES**

With regard to expert witnesses listed by the plaintiff with

regard to damages, the plaintiff has disclosed Dr. Gary Crakes,

Ph.D., an economist, to offer opinions associated with the

economic loss claims of the plaintiff.  The defendants do not

dispute Dr. Crakes' qualifications to offer an opinion generally;

however, the defendants to dispute the ability of Dr. Crakes to

offer specific opinions in this case based upon factual

assumptions made which are untrue, and for other reasons.

With regard to the medical witnesses identified by the

plaintiff, numbers 25-40, the defendants generally will not object to the qualification of a properly licensed and experienced health care provider to testify in the field of that individual's expertise based upon the medical records in evidence.  For instance, the defendants would not object to the qualification of Dr. Peter Trafton to testify and offer opinions regarding trauma surgery and orthopedic surgery and his specific treatment of the plaintiff.  The defendants would reserve their right to object to the offer of testimony by medical providers to the extent that their testimony is offered outside of their field of expertise or if based upon facts not in evidence or based upon speculation or conjecture.

*on of Proposed Evidence:*

*As of the filing of the plaintiffs' Response to the Court's Trial Preparation Order, the plaintiff is unaware of any evidence that is likely to be disputed or require an evidentiary ruling by the Court.*

**E**

N/A.

**L JURISDICTION**

This Court obtained jurisdiction pursuant to 28 U.S.C. §1441(a), the basis upon which former (now settled and voluntarily dismissed) third-party defendant, the United States of America, removed this action from state court. (See The Honorable Peter C. Dorsey's Ruling on Third Party Defendant's Motion to Dismiss, dated July 16, 2002, pages 3-5.)  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.  See <u>Parker v. Della Rocco</u>, 252 F.3d 663, 665-67 (2nd Cir. 2001).

**NATURE OF EACH CAUSE OF ACTION AND RELIEF SOUGHT**

The first-party defendant, Joseph Strychasz, seeks compensatory money damages for his claim against the defendants which sounds in negligence.

The co-plaintiff, Sandra Strychasz, seeks compensatory money damages for her loss of consortium claim which sounds in negligence as a claim derivative of the claim asserted by Joseph Strychasz.

The intervening plaintiff, Midland Fire Protection Company, seeks money damages for reimbursement of its Workers' Compensation lien which sounds in negligence derivative of Joseph Strychasz' claim.

The defendants claim the plaintiff fell because of his own contributory negligence.

**VOIR DIRE QUESTIONS TO BE SUBMITTED TO THE JURY PANEL**

The defendants' Proposed Vire Dire Questions are appended hereto in separate form.

**NT, IN LIEU OF AN OPENING STATEMENT, AS AN AID TO THE COURT IN ITS
INTRODUCTION OF THE CASE TO THE JURY**

The plaintiff, Joseph Strychasz, claims he was injured as a result of falling at the Roland Hall gymnasium at the United States Coast Guard Academy in Groton, Connecticut on May 12, 1997.  Joseph Strychasz claims that his fall was caused by the negligence of defendants, Maron Construction Company, Inc., and Maron's employee, Ronald DeFrancesco.  At the time of this incident, Joseph Strychasz was working as a sprinkler system installer for his employer, Midland Fire Protection Company. Joseph Strychasz seeks compensatory damages for his claims of personal injuries and damages as a result of that incident. The plaintiff, Sandra Strychasz, seeks money damages for the effects she claims Joseph Strychasz' injuries had upon their marital consortium.

The, intervening plaintiff, Midland Fire Protection Company, seeks reimbursement of certain Workers' Compensation payments it claims it made to Joseph Strychasz as a result of this incident.

The defendants, Maron Construction and Ronald DeFrancesco, deny the allegations made against them and maintain that the injury to Mr. Strychasz was caused by the Coast Guard placing an inadequate panel in the floor of the cell area under the gymnasium several years before Maron Construction started its work.  The panel was recessed into the floor and gave the appearance of being concrete.  Maron Construction maintains that it was unaware of the panel's inadequacy and relied upon the Coast Guard to have installed a panel which would have withstood a worker's weight.  The defendants also allege that Mr. Strychasz himself was negligent.

The defendants respectfully request leave, pursuant to Local Rule of Civil Procedure 83.4, to make opening statements to the jury.

## ARGE AND REQUESTS FOR THE FORM OF THE VERDICT AND REQUEST FOR JURY INTERROGATORIES

The defendants' Preliminary Requests to Charge are appended hereto in separate form.

With reference to jury interrogatories and verdict forms, the

defendants anticipate that these will be requested, bu the form

will be determined by the evidence elicited at trial.

Accordingly, the defendants respectfully request that leave be

given to submit these at a later date.


                          THE DEFENDANTS,
                          MARON CONSTRUCTION COMPANY, INC. AND
                          RONALD DeFRANCESCO

                          BY MILANO & WANAT LLC


By _____
                          Mark A. Milano (CT 1062)
                          Gary C. Kaisen (Federal #17513)
                          Milano & Wanat LLC
                          471 East Main Street
                          Branford, Connecticut 06405
                          (203)315-7000

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been mailed, this
date, postage prepaid, on this _____ day of December, 2003
to the following:

*eph Strychasz*

t 06604

*land Fire Protection Company*
uire
ller

06103-1810


_____
Mark A. Milano
Gary C. Kaisen