UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH STRYCHASZ, et al., | ) | |
| Plaintiffs | ) | Civil Action No. 3:01CV2063 (PCD) |
| | ) | |
| vs. | ) | |
| | ) | |
| MARON CONSTRUCTION CO., et al., | ) | December 15, 2003 |
| Defendants | ) | |

**DEFENDANT'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS**

In compliance with Section C11 of the Court's October 27, 2003 Trial Preparation Order, the defendants herein submit their Requests for Jury Instructions. Defendants reserve the right to amend these Requests after review of plaintiffs' proposed jury instructions and through trial to conform with issues arising therefrom:

**Liability: Denial of Negligence**

1. Ladies and gentlemen of the jury, it is my responsibility as the court, and my responsibility alone, to determine what, if any, duties were owed to the plaintiff by the defendants in this construction setting. Determination of what duties exist is a question of law for the court. Only after I have determined those duties and instructed you on them can you assess whether the defendants breached those duties based on the

facts of this particular case. It is not for you to determine the nature and scope of the applicable negligence duties. It is my responsibility as the court to guide you by instructing you as to any duties that are chargeable to the defendants. I will therefore now instruct you further on the issue of duty. *Sevigny v. Dibble Hollow Condo Ass'n, Inc.*, 76 Conn. App. 306, 318-19, 819 A.2d 844 (2003); Conn. Gen. Stat. § 52-216 (2003).

2. Joseph Strychasz was not a contracting party or a third-party beneficiary to Maron Construction Company's contract with the United States Coast Guard Academy. Therefore, I instruct you that the defendants' contractual obligations to conduct "safety meetings" or to perform functions as a "Safety Officer" can have <u>no</u> bearing upon your decision as to whether the defendants were negligent in this case. Whether the defendants performed those contractual obligations, including those relating to contractor "safety meetings," did not create duties running from the defendants to the plaintiff Joseph Strychasz. *Pelletier v. Sordoni/Skanska Construction Co.*, 264 Conn. 509, 530-31, 825 A.2d 72 (2003).

3. The plaintiffs' claims of negligence are predicated on

the defendants having had actual knowledge of the inadequacy of the transite board to support the weight of a worker and his equipment. If you find, therefore, that the defendants did not have actual knowledge of the inadequacy of the transite board to support Joseph Strychasz and his drill on the folding metal chair, then you must render verdicts in favor of the defendants. *Matthews v. F.M.C. Corp.*, 190 Conn. 700, 705-706, 462 A.2d 376 (1983); *Willametz v. Guida-Seibert Dairy Co.*, 157 Conn. 295, 302, 254 A.2d 473 (1968); *Hunte v. Amica Mutual Insurance Co.*, 68 Conn. App. 534, 545, 792 A.2d 132 (2002); *see also Derby v. Connecticut Light & Power Co.*, 167 Conn. 136, 142, 355 A.2d 244 (1974).

4. The plaintiffs must prove that the defendants had knowledge of the specific condition that caused the injury, and not merely of conditions that would naturally produce that defect. Here the specific condition claimed by the plaintiffs is the inadequacy of the transite board to support the weight of Joseph Strychasz and his equipment upon a metal chair with its legs near the center of the board. On the question of notice, your consideration must be confined to the defendants' knowledge and realization of the specific condition causing the injury.

You cannot find such knowledge to exist if you find merely that the defendants had knowledge of the general or overall conditions obtaining on the premises.

*Cruz v. Drezek*, 175 Conn. 230, 235, 397 A.2d 1335 (1978); *Kirby v. Zlotnick*, 160 Conn. 341, 344-45, 278 A.2d 822 (1971); *Monahan v. Montgomery*, 153 Conn. 386, 390, 216 A.2d 824 (1966); *Boretti v. Panacea Co.*, 67 Conn. App. 223, 228, 786 A.2d 1164 (2001), *cert. denied*, 259 Conn. 918, 791 A.2d 565 (2002).

5. If you find that the condition of the transite panel was open and obvious to a person using ordinary intelligence, then there was no duty on behalf of the defendants to warn Joseph Strychasz and the defendants cannot be charged with a breach of its duty to warn. If you find that Joseph Strychasz was aware of the condition of the transite panel, then there was also no duty on behalf of the defendants to warn him and the defendants cannot be charged with a breach of this duty.

*Warren v. Stancliff*, 157 Conn. 216, 220, 251 A.2d 74 (1968); *Egan v. Connecticut Co.*, 131 Conn. 152, 154-55, 38 A.2d 282 (1944); *Kraus v. Newton*, 14 Conn. App. 561, 567-69, 542 A.2d 1163 (1988), *aff'd on other grounds,* 211 Conn. 191, 558 A.2d 240 (1989); D. Wright & W. Ankerman, *Connecticut Jury Instructions*

*(Civil)* § 556(d) (4th ed. Supp. 2003).

6. Without notice, actual or constructive, to the defendants, the plaintiffs can have no action against the defendants, because the defendants would not be guilty of any breach of duty toward Joseph Strychasz. The defendants did not insure the absolute safety of Joseph Strychasz under these circumstances. The legal duty to exercise reasonable care does not make any defendant an insurer or guarantor of safety because absolute safety is unattainable.
*Glynn v. Lyceum Theatre Co.*, 87 Conn. 237, 240-41, 87 A. 796 (1913); *see Vacca v. Della Camera*, 149 Conn. 277, 281, 179 A.2d 616 (1962); *Paley v. Trustees, New York, New Haven & Hartford Railroad Co.*, 11 Conn. Supp. 5, 10 (1942); D. Wright, J. Fitzgerald & W. Ankerman, *Connecticut Law of Torts* § 30 (3d ed. 1991).

7. The mere fact that an accident happened, standing alone, does not permit you to draw the inference that the accident was caused by anyone's negligence. Accidents may happen when neither party is at fault, and in that case there is no

liability on the part of either to the other. There are such things as accidents that occur without the fault of anyone, and without liability on the part of anyone. Such would be a pure accident; that is, an accident for which no one was to blame.

*Richards v. Grace-New Haven Community Hospital*, 137 Conn. 508, 510-12, 79 A.2d 353 (1951); 3 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions* § 80.07 (4th ed. 1987); 2 D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* § 616(b), (e) (4th ed. 1993).

8. You may consider evidence of the absence of similar accidents on the area in question as to the issue of whether it was foreseeable to the defendants that the cell area was dangerous, so long as it you find that it was established that the circumstances of prior use were substantially the same as those under which Joseph Strychasz was injured.

*Hall v. Burns*, 213 Conn. 446, 451-456, 569 A.2d 10 (1990); *Zheutlin v. Sperry & Hutchinson Co.*, 149 Conn. 364, 366-67, 179 A.2d 829 (1962); *Facey v. Merkle*, 146 Conn. 129, 136, 148 A.2d 261 (1959).

**Liability: Plaintiff's Contributory Negligence**

9. A plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and a plaintiff is conclusively presumed to know and appreciate dangers that, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person.

*Corrievau v. Associated Realty Corp.*, 122 Conn. 253, 258, 188 A. 436 (1936); *see Sitnik v. National Propane Corp.*, 151 Conn. 62, 65, 192 A.2d 503 (1963); *see also* 1 D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* § 175 (4th ed. 1993).

10. In deciding the issue of Joseph Strychasz's contributory negligence, you may consider the nature of his work and his experience in that work. The potential danger attendant upon the activity of its performance dictates the degree of care required to be exercised in a given situation. The care used must be in proportion to, or commensurate with, the danger

reasonably to be anticipated from the nature of the undertaking. The occupation of a workman on a construction job, such as here involved, entails unusual and extraordinary hazards of travel by the very nature of his work and his movements from place to place. Therefore, Joseph Strychasz's prior experience in construction work, the nature of the work in which he was engaged and the dangers inherent therein are all circumstances that you may consider in determining if Joseph Strychasz exercised reasonable care for his own safety.

*Harner v. Somerset Steel Erection Co.*, 284 F. Supp. 553, 557-58 (N.D. W. Va. 1967); 2 D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* § 529 (4th ed. 1993)

11. You must consider whether Joseph Strychasz's own negligence proximately caused his injuries. If the defendants prove, by a fair preponderance of evidence, that Joseph Strychasz's own negligence was greater than the negligence of the defendants, then you must return verdicts for the defendants. If you find that Joseph Strychasz was negligent to a degree equal to or less than that of the defendants, then your verdict

must specify the percentage of such negligence attributable to the him.

Conn. Gen. Stat. § 52-572h(b), (f) (2003); *see also* D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* § 536A(d) (4th ed. Supp. 2003).

12. The defendants have filed what are called Special Defenses. These Special Defenses describe a number of ways in which the defendants claim that Joseph Strychasz himself negligent for this incident. To prove the plaintiff was himself negligent, the defendants do <u>not</u> need to show that plaintiff was negligent in all of these ways. Proof, by a fair preponderance of the evidence, that the plaintiff was negligent in just one of the ways claimed in the Special Defenses is sufficient to prove that Joseph Strychasz was himself negligent. The defendants claim that Joseph Stychasz was negligent in one or more of the following ways, in that:

1. He failed to adequately investigate whether the panel placed over the vent was sufficient to withstand his weight, the weight of the chair that he was standing on and the weight of equipment and tools being carried before stepping on it and pressing on it;

2. He failed to walk around the panel, vent and area in question, despite having had the opportunity and authority to do so;

3. He was attempting to remove tools and equipment through a vent by use of a chair when access and entry points were specifically designated to him and his employer and an area away from the vent and panel of which he now complains;

4. He failed to exit or use the access point in the cell area by use of a ladder, as specifically designated to him and his employer;

5. He failed to inquire of workers and supervisors on the job whether the panel and vent on which he eventually climbed was safe and capable of supporting his weight, that of the chair and the equipment and tools that he was lifting;

6. He failed to inspect the area referenced above prior to climbing on it;

7. He failed to attend the safety meetings that had been scheduled for himself and his employer;

8. He failed to make reasonable use of his senses and faculties and failed to exercise judgment and the degree of care that an ordinarily prudent construction worker in the plaintiff's position would have exercised while undertaking work on the premises under the circumstances and conditions present.

**Causation and Damages: Proximate Cause**

13. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission. The evidence of causation must be sufficiently clear so that you as jurors could find causation without resorting to speculation or conjecture. If you do not find that the defendants' conduct in fact caused the plaintiffs' damages, then you must return a verdict for the defendants.

3 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions* § 80.18 (4th ed. 1987); D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* § 110(a)

(1) (4th ed. Supp. 2003); *see generally Moses v. Central Louisiana Electric Co.*, 324 F.2d 69, 73 (5th Cir. 1963), *cert. denied*, 376 U.S. 942, 84 S. Ct. 799, 11 L. Ed. 2d 767 (1964); *Toomey v. Danaher*, 161 Conn. 204, 207, 286 A.2d 293 (1971); L. Green, *Rationale of Proximate Cause* (1927); 2 F. Harper & F. James, *Torts* §§ 20.4-20.6 (1956); W. Prosser, *Torts* §§ 49-52 (3d ed. 1964).

**Causation and Damages: Burden of Proof**

14. In order to determine that the defendants breached their duty of care to the plaintiffs, you must find that the plaintiffs have established, by a preponderance of the evidence, that the defendants were negligent and that it was the defendants' negligence—not someone else's—that caused Joseph Strychasz's injury. If you find that the plaintiffs have failed to establish this by a preponderance of the evidence, you must return a verdict for the defendants. It is not sufficient for the plaintiffs to prove that the defendants might have been negligent in a manner that would, or might have been, a proximate cause of this accident. The plaintiffs must remove the issues of negligence and proximate cause from the field of conjecture and speculation. Speculation does not take the place of evidence. Possibilities are not evidence. *Cruz v. Drezek*, 175 Conn. 230, 236, 397 A.2d 1335 (1978); *Gosselin v. Perry*, 166 Conn. 152, 162, 348 A.2d 623 (1974); *O'Brien v. Cordova*, 171 Conn. 303, 306, 370 A.2d 933 (1976); *Delmore v. Polinsky*, 132 Conn. 28, 31, 42 A.2d 349 (1945); *see also* L. Sand, J. Siffert, S. Reiss & N. Batterman, *Modern Federal Jury Instructions* ¶ 73.01, instruction 73-2 (2001).

**Causation and Damages: Lost Wages / Burden of Proof**

15. The plaintiffs have the burden as to any impaired earning capacity claim. This means that the plaintiffs must produce evidence for you to make a fair and reasonable estimate of any earning impairment or loss. Your determination should not be based upon surmise, guess, conjecture or speculation.

*Paige v. St. Andrew's Roman Catholic Church*, 250 Conn. 14, 24, 734 A.2d 85 (1999); *Ball v. Pardy Construction Co.*, 108 Conn. 549, 551, 143 A. 855 (1928); *see also* L. Sand, J. Siffert, S. Reiss & N. Batterman, *Modern Federal Jury Instructions* ¶ 77.01, instruction 77-4 (2001).

**Causation and Damages: Testimony of an Economist**

16. The opinion of an economic expert concerning a party's lost earning capacity would be without substantial value unless it is based upon evidence showing both a reasonable probability that the injury at issue brought about a loss of earnings, and includes a basis for a reasonable estimate of the amount of that loss that is of such certainty as the nature of the particular case may permit. With regard to future losses, any award must be discounted to reflect the present worth of future losses.

*Berndston v. Annino*, 177 Conn. 41, 46-47, 411 A.2d 36 (1979); 3 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions* § 85.11 (4th ed. 1987); U.S. 11th

Circuit Judge's Association, *Pattern Jury Instructions, Civil Cases* 181 (1990); *see also* L. Sand, J. Siffert, S. Reiss & N. Batterman, *Modern Federal Jury Instructions* ¶ 76.01, instruction 76-9 (2001).

**Causation and Damages: Future Medical Expenses**

17. Your determination as to future medical expenses must be based upon an estimate of reasonable probabilities, not possibilities. The obvious purpose of this requirement is to prevent you from awarding damages for future medical expenses based merely on speculation or conjecture. The evidence at trial must be sufficient to support a reasonable likelihood that future medical expenses will be necessary.

*Marchetti v. Ramirez*, 240 Conn. 49, 54, 688 A.2d 1325 (1997); *see also Paige v. St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 34, 734 A.2d 85 (1999); *Calvi v. Agro*, 59 Conn. App. 732, 735-36, 757 A.2d 1260 (2000); L. Sand, J. Siffert, S. Reiss & N. Batterman, *Modern Federal Jury Instructions* ¶ 77.01, instruction 77-4 (2001).

**Causation and Damages: Mitigation of Damages**

18. Any person who claims damages as a result of an alleged wrongful act of another

has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of hi injuries, so as to reduce or minimize the loss or damage.

If you find the defendants are liable and that the plaintiffs have suffered damages, the plaintiffs may not recover for any item of damage they could have avoided through such reasonable effort. If Joseph Strychasz unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages that he would have avoided had he taken advantage of the opportunity. This would apply both to the claim made for bodily injuries and the claim made for lost earnings.

Bear in mind that the question of whether Joseph Strychasz acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. In deciding whether to reduce the plaintiffs' damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Joseph Strychasz's conduct was reasonable.

L. Sand, J. Siffert, S. Reiss & N. Batterman, *Modern Federal Jury Instructions* ¶ 77.01, instruction 77-7 (2001); *see also Preston v. Keith*, 217 Conn. 12, 21-22, 584 A.2d 439 (1991); *Rametta v. Stella*, 214 Conn. 484, 492, 572 A.2d 978 (1990); *Jancura v. Szwed*, 176 Conn. 285, 288, 407 A.2d 961 (1978); *Morro v. Brockert*,109 Conn. 87, 92-93, 145 A. 659 (1929).

**<u>Causation and Damages: Fair, Just and Reasonable Damages</u>**

19. In considering the question of damages, it is not proper for you to attempt to be generous, rather than fair and reasonable. Your deliberations should not be based upon sympathy, prejudice or partiality. Likewise, you should not give any consideration to the fact that the plaintiffs have made a claim against a corporate defendant.

*Rosa v. American Oil Co.*, 129 Conn. 585, 590, 30 A.2d 385 (1943); 3 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions* § 71.01 (4th ed. 1987); G. Douthwaite, *Jury Instructions on Damages in Tort Actions* § 6-14 (1977); 1 D. Wright & W. Ankerman, *Connecticut Jury Instructions (Civil)* §§ 231A, 257(b)-(c) (4th ed. 1993).

THE DEFENDANTS,
MARON CONSTRUCTION COMPANY, INC.
AND
RONALD DeFRANCESCO

By ________________

Mark A. Milano (Federal #17513)
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(203)315-7000

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been mailed, first-class, post prepaid on this ____ day of December, 2002 to:

*For the plaintiff, Joseph Strychasz*
Edward Gavin, Esquire
Meehan & Meehan
76 Lyon Terrace
Bridgeport, Connecticut 06604

*For the plaintiff, Midland Fire Protection Company*
Gregory Goodstein, Esquire
Morrison, Mahoney & Miller
One Constitution Plaza
Hartford, Connecticut 06103-1810

____________________
Mark A. Milano